HARCON BARGE CO., INC.,
Plaintiff-Appellee,

v.

D & G BOAT RENTALS, INC., Defendant Third-Party Plaintiff-Appellant.

and

M/V CHARLES D, Defendant-Appellee
Cross-Appellant,

v.

SOUTHERN PACIFIC TRANSPORTATION CO., Third-Party Defendant Appellant-Cross-Appellee.

SOUTHERN PACIFIC TRANSPORTATION CO., Plaintiff-Appellant,

v.

M/V I.C. HOSKINS, Her Engines, Boilers, Tackle, Etc., In Rem, Defendant-Appellee.

SOUTHERN PACIFIC TRANSPORTATION CO., Plaintiff-Appellant,

v.

M/V IBERVILLE, Her Engines, Boilers, Tackle, Etc., In Rem, et al., Defendants-Appellees.

SOUTHERN PACIFIC TRANSPORTATION CO., Plaintiff-Appellant Cross-Appellee,

v.

M/V CHARLES D, Her Engines, Boilers, Tackle, Etc., In Rem, and D & G Boat Rentals, Inc., Defendants-Appellees Cross-Appellants.

SOUTHERN PACIFIC TRANSPORTATION CO., Plaintiff-Appellant Cross-Appellee,

v.

M/V MARION HAGESTAD, et al., Defendants-Appellees Cross-Appellants.

No. 82–4584.

United States Court of Appeals,
Fifth Circuit.

Nov. 12, 1984.

Christovich & Kearney, Lawrence J. Ernst, J. Warren Gardner, Jr., New Orleans, La., for plaintiff-appellant.

Larry S. Craig, Civil Div., Torts Branch, U.S. Dept. of Justice, Washington, D.C., Cliffe E. Laborde, III, Lafayette, La., for M/V IBERVILLE et al.

Robert McCleskey, Gerard T. Gelpi, New Orleans, La., for M/V I.C. HOSKINS & Smith Corp.

Donald L. King, New Orleans, La., for M/V MARION HAGESTAD & King.

Edwin Spivey Gault, Greenville, Miss., for M/V CHARLES D & HARCON BARGE.

W. Gerald Gaudet, Lafayette, La., for D & G Boat Rentals.

Before RUBIN, REAVLEY, and TATE, Circuit Judges.

TATE, Circuit Judge:

This appeal, by a single notice of appeal, is from a single judgment in five suits that were consolidated for trial under Fed.R. Civ.P. 42(a). On the same day the notice of appeal was timely filed, the opposing parties in one of the five consolidated actions filed a timely motion to amend the judgment. Subsequently, pursuant thereto, an amended judgment was entered. No further notice of appeal was filed.

Under Fed.R.App.P. 4(a)(4), the effect of this filing of a motion to amend the judgment was that "the time for appeal for all parties shall run from the entry of an order" disposing of this motion. The rule further provides: "A notice of appeal filed before the disposition.... shall have no effect." In *Griggs v. Provident Consumer Discount Company*, 459 U.S. 56, 103

S.Ct. 400, 74 L.Ed.2d 225 (1982), the Supreme Court has held that a court of appeal has no power or discretion to waive the defect of prematurity of a notice of appeal filed before entry of the order disposing of such a motion. The Court further held that such a premature notice of appeal is a "nullity", and "it is as if no notice of appeal were filed at all. And if no notice of appeal is filed at all, the Court of Appeals lacks jurisdiction to act." 459 U.S. at 61, 103 S.Ct. at 403.

■ The harsh result of this mandated rigid application of this seemingly functionless provision of the rule is, in our view, that we must dismiss this appeal. Under *Griggs*, the timely filed motion to amend the judgment nullified the prior notice of appeal, and no notice of appeal was filed after the order was entered that granted the motion and amended the original judgment in a slight respect. We therefore lack jurisdiction to hear this appeal and must dismiss it.

Nevertheless, we must admit that our determination to this effect, required we believe by *Griggs*, is made complicated by the circumstance that the motion to amend was filed by the defendants in only one of the five consolidated cases and, arguably, should have affected the appellate delays in that case only. Ultimately, however, we feel unable to evade the rigorous application Fed.R.App.P. 4(a)(4) mandated by *Griggs* because (as will be explained below), the district court, all parties, and the district clerk treated the five consolidated actions as a single, combined suit—requiring but one judgment for all combined actions, and but one notice of appeal by any one party to all or any of the combined suits. Thus, under Rule 4(a)(4) the motion to amend this single judgment had the effect of not commencing the delay within which to notice on an appeal "for all parties" until entry of the order disposing of the motion, which thus required a new notice of appeal in order to confer appellate jurisdiction upon this court.

*"Entry" of Judgment*

Before setting forth in detail the facts of the present case, we deem it advisable to clarify what is meant by the date of "entry" of judgment, for purposes of determining the timeliness of a notice of appeal or of a motion to remand or alter a judgment, and how such entry is noted in the dockets of the district courts of the Fifth Circuit.

■ In their initial arguments to this court, reflecting a not uncommon confusion in this regard, all counsel argued timeliness on the basis that the appellate and post-judgment motion delays commenced with the notice of the *filing* on December 8, 1982 of the single judgment that disposed of the five consolidated suits. This judgment was filed in the Deputy Clerk's office in Opelousas, La., for the Opelousas-Lafayette Division (where the case was tried) of the United States District Court, Western District of Louisiana. Instead, however, timeliness is measured from the date of *entry* of the judgment on the docket sheet of the case in the Clerk of District Court's records at Shreveport, in this case, December 14, 1982 (i.e., six days after the judgment was filed in Opelousas and mailed from there to Shreveport).

In the instant case, whether timeliness is governed by the date of filing (December 8) or of entry (December 14) of the judgment, the timely served (December 15) and filed (December 21) motion to amend had as its consequence, in either event (*see* Part III *infra*), the draconian effect under Rule 4(a)(4) of nullifying the otherwise-timely prior notice of appeal filed December 21 and, in the absence of a new notice, of depriving us of appellate jurisdiction. Nevertheless, because of some general confusion as to the matter, we deem it appropriate for the benefit of the bar to describe the governing principles, as well as the practice among the clerks of the district courts of the Fifth Circuit, with regard to the entry of a judgment or order.

The basic issue of timeliness in this regard concerns provisions of Fed.R.App.P. 4, as well as their relationship to Fed.R.

Civ.P. 79. FRAP Rule 4(a)(1) provides that in a civil case the notice of appeal "shall be filed with the clerk of the district court within 30 days after the date of *entry* of the judgment." (Emphasis added.) However, if a timely post-judgment motion is filed under Fed.R.Civ.P. 50(b) (for judgment notwithstanding the verdict), 52(b) (to amend or make additional findings of fact) or 59 (for a new trial, or to alter or amend the judgment), then "the time for appeal for all parties shall run from the *entry* of an order denying a new trial or granting or denying any other such motion." Fed.R. App.P. 4(a)(4) (emphasis added). Fed.R. Civ.P. 59(b), (e), provides that a motion for a new trial or to alter or amend a judgment "shall be served not later than 10 days after the *entry* of the judgment." (Emphasis added).

With regard to what is an "entry" of an order or judgment, Fed.R.Civ.P. 79(a) provides that the clerk of district court will maintain a "civil docket" book in which the file number of the civil action "shall be noted on the folio of the docket whereon the first entry of the action is made," and that "[a]ll papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts, and judgments shall be entered chronologically in the civil docket on the folio assigned to the action." The rule specifically provides that "[t]he entry of an order or judgment shall show the date the entry is made." *Id.*

▮ The uniform practice of the clerks of the district courts of the Fifth Circuit is to signify the date of entry of an order or judgment under Rule 79(a), as follows: The date the judgment is *filed* is placed in the left-hand column of the case's docket sheet, followed by the description of the order or judgment in the right-hand column captioned for that purpose. If the judgment or order is entered at a later date than the date of filing, *then* such date of entry is added as a concluding note of the description of the judgment (which is in the right-hand column), by adding "Dkt", "Dk't", or "Dkt'd" (i.e., "docketed"), followed by the date of such entry.[1]

### Overview of the Principal Procedural Facts and Issue

A single judgment was filed on December 8, 1982 and entered on the docket sheet in the clerk's office on December 14, 1982, which disposed of all claims that had been asserted in five suits that had been consolidated for trial. A party (Southern Pacific) to all five consolidated suits timely filed a single notice of appeal as to this judgment on December 21, 1982, by which it contests the awards made by the judgment as to each of the claims advanced by each of the five consolidated suits. On the same day, the defendants (M/V Iberville and Tidewater) in one of the consolidated suits filed a motion to amend the judgment with regard to its imposition of such upon them. The motion was granted and an amended judgment was entered on January 31, 1983. No further notice of appeal was filed by any party.

▮ The defendants have filed a motion to dismiss the appeal because no new notice of appeal was filed after the amend-

---

**1.** We have so informed ourselves through inquiry with the clerk of this court and with various clerks of the district courts. We earlier notified the parties of our intention to take judicial notice of this practice. No party disputes the accuracy of our description of the uniform practice of the district court clerks. We do not need to plumb the uncertain distinctions between judicial notice of "legislative facts", not governed by Fed.R.Evid. 201, and judicial notice of "adjudicative facts", governed by such rule. *See* Advisory Committee's note to Rule 201; 21 Wright & Graham, Federal Practice and Procedure, § 5103 (1977). In either event, we may take judicial notice of this prac-

tice as a fact that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.", Fed.R.Evid. 201(b)(2), as to which we have afforded the parties "an opportunity to be heard", Fed.R.Evid. 201(c), should it indeed be an "adjudicative" fact.

Southern Pacific, the appellant, does complain that it had no reason to understand what the abbreviation for "docketed" meant. It does not complain that it was in anyway misled or prejudiced by reliance upon the allegedly incomprehensible abbreviation. *See also* part I *infra*.

ed judgment.[2] Under Fed.R.App. 4(a)(4) and *Griggs, supra,* the original notice of appeal was a nullity, and we thus have no appellate jurisdiction—at least, if we regard the single judgment in the five consolidated suits as the only judgment that is the subject of this appeal.

However, if we regard the five suits as consolidated for "trial" (only) and hence regard this judgment, although in a single document and filed only in the principal of the five consolidated suits, as actually five judgments—one for each of the five consolidated suits—then, the motion to amend filed by the defendants in only one of the five suits that had been consolidated for trial, arguably, affected the appellate delays as to that suit only. The appellant Southern Pacific now so contends, and we regard this contention as the principal issue of this appeal.

## I.

In this part I of the opinion, we will at somewhat tedious length we fear, set forth the procedural history and stance of this litigation. We have found no appellate decision that describes the mechanics of consolidation as practiced in the district courts and, from inquiry with our clerk's office, have found that the procedure utilized in the present case, leading to a single judgment disposing of all of the consolidated cases, is followed in the preponderant number of consolidated cases appealed to this court. Then, in part II, we will set forth the dispositive legal principles applicable on this record to the issues before us.

The litigation before us arises out of a series of four collisions by ships over a two-month period with a structure pertaining to a railroad bridge over the Atchafalaya River in Berwick, Louisiana. The five suits, which resulted in the judgment now appealed from, included four suits by the owner of the bridge (Southern Pacific) against, respectively, the four vessels involved in the collisions, and the fifth by the owner (Harcon Barge) of a vessel for damages, which impleaded Southern Pacific as a third-party defendant (based upon Southern Pacific's allegedly negligent design and maintenance of the bridge structure). This appeal is from a district court judgment that awarded damages sought by four of these five suits that had by order of the district court previously been consolidated for trial.[3]

---

**2.** After the record of this appeal was lodged in this court, the opposing parties in May 1983 filed a motion to dismiss Southern Pacific's appeal on the ground we now uphold. This motion was "denied" summarily without explanation by a motions panel on June 22, 1983, and the opponents' motion for reconsideration of the denial was likewise "denied", without explanation, on October 14, 1983. Southern Pacific suggests that, in view of these earlier rulings by the motions panel, "it seems unnecessary and repetitive to reexamine the same issues." Supplemental Memorandum, September 12, 1984, p. 3.

This suggestion overlooks that "the requirement of a timely notice of appeal is 'mandatory and jurisdictional'", *Griggs v. Provident Consumer Discount Company,* 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982), and that we would be required to notice our lack of appellate jurisdiction even if no motion to dismiss had been filed. Southern Pacific also overlooks the settled jurisprudence of this court that an interlocutory denial of a motion to dismiss an appeal may always be reconsidered and granted if subsequently found to be meritorious. As we recently stated, with full footnote citation of our jurisprudence, in *Equal Employment Op-*

*portunity Commission v. Neches Butane Products Company,* 704 F.2d 144, 147 (5th Cir.1983):

In this circuit, as in many others, a preliminary motion to dismiss for want of jurisdiction is submitted to a motions panel for disposition, often without opinion. See United States Court of Appeals for the Fifth Circuit, Internal Operating Procedures, § 4(e) (1981); *United States v. Bear Marine Services,* 696 F.2d 1117, 1119 & n. 4 (5th Cir.1983). A denial by a motions panel of a motion to dismiss for want of jurisdiction, however, is only provisional. With the benefit of full briefing and (as was the case here) oral argument, the panel to which the case falls for disposition on the merits may conclude that the motions decision was improvident and should be reconsidered.

**3.** These five actions, with their civil-action docket numbers of the Western District of Louisiana, are: *Harcon Barge Co. v. D & G Boat Rentals,* No. 79–1592; *Southern Pacific v. M/V I.V. Hoskins,* No. 80–0511; *Southern Pacific v. M/V Iberville,* No. 80–0512; *Southern Pacific v. M/V Charles D,* No. 80–0513; and *Southern Pacific v. M/V Marian Hagestad,* No. 80–0514. Initially consolidated with these suits was a sixth action

The consolidation and its record effects occurred as follows:

On March 30, 1981, Southern Pacific (as plaintiff in four of the suits and third-party defendant in the fifth) moved for transfer of all the cases (and of one not before us on appeal, *see* note 3) and their consolidation with No. 79–1592 (Harcon Barge; which was the lowest docket number). Over the opposition of some of the other parties, this motion was granted by the district court on April 21, 1981. The order described Southern Pacific's motion as requesting consolidation "for purposes of trial", although the granted motion had simply requested consolidation. As will be seen, subsequent to this order consolidating the five cases, they were thereafter considered and treated by the district court, all parties, and the district clerk of court as if consolidated into a single proceeding for purposes of both trial and judgment.

Thereafter, the docket sheet in 79–1592 (Harcon Barge) was treated as if it were the docket sheet for all the consolidated cases, with exceptions not here relevant. Following the order of consolidation, on the docket sheet of each of the consolidated cases a notation was entered of the granting of this motion for consolidation, and on the heading sheet of each of the consolidated cases was noted that the case was consolidated with the other five cases. In addition, for each of the consolidated cases other than 79–1592 (Harcon Barge, the principal case), an entry on the case's docket sheet was made, immediately following the notation that the motion to consolidate was granted: "*See* 791592 [*i.e.*, Harcon Barge v. D. & G. Boat Rentals] *for all future entries* except those pertaining only to [docket number of the particular action of the consolidated cases]." (Emphasis added.) In each of the four cases on appeal that were consolidated with 79–1592 (Harcon Barge), the final entry was "12–8–82. SEE 791592 (Judgment closing case)." The entries in the other consolidated cases

(*Southern Pacific v. M/V Roland Thomas*, No. 79–1705, which was compromised and dis-

did not include (as docketed in 79–1592, Harcon Barge) the notation of the date the judgment had been entered (docketed) in 79–1592, nor did they include docket entries as to the filing of the motion to amend the judgment by the defendants in one of the consolidated cases, nor of the notices of appeal and cross-appeal, or of the entry of the amended judgment.

After the order consolidating the cases, all of the parties filed all relevant pleadings captioned by all five case-titles and docket numbers, whether or not the pleading or filing was addressed to a claim initially asserted by only one of the now-consolidated suits.

The district court decided the consolidated suits by a single judgment, filed December 8, 1982, which was captioned with the titles and district court docket numbers of all of the five consolidated suits. The judgment, attached in full as an appendix to this opinion, disposed of each of the claims of each of the parties in separate paragraphs, as if asserted in a single action, without differentiation by docket number of the suits as originally filed before consolidation. See Appendix. This judgment was filed only in the record of 79–1592 (Harcon Barge), the principal action. (However, as earlier stated, a note was placed on the docket sheet of each of the other consolidated suits referring in each to the judgment filed in 79–1592 (Harcon Barge), the principal case, as closing the case. No further entry was made following this notation on the docket sheets of these other consolidated cases.)

After entry of the judgment of December 8, 1982, entries as to subsequent filings were made only in 75–1592 (Harcon Barge; the principal case). These include the motion to amend, notice of appeal, notices of cross-appeal, cost motions, the supersedeas bond, etc. Relevant to present issues, these docket entries, found only in 79–1592 (Harcon Barge), are:

missed before trial, and is not before us on this appeal.

| Date | Proceedings |
|---|---|
| 12–8–82 | JUDGMENT in favor of Pltf. . . . . [summary of provisions of judgment, *see* Appendix, omitted] (JMS/pm) NOE/mb DKT-D 12–14–82 [4] |
| 12–21–82 | MOTION (Tidewater Venice and M/V Iberville) to Amend Judgment, ref. to JMS (pm). |
| 12–21–82 | NOT OF APPEAL (Southern Pacific Transportation Company from 12/8/82 Judgment . . . [notation that notice of entry sent to other parties and the judge is omitted].) |
| 1–25–83 | AMENDED JUDGMENT in favor of Pltf. . . . [summary of provisions omitted] (JMS/pm) NOE/mb DKT-D 1–31–83. |

As earlier noted, the defendants (M/V Iberville and Tidewater) in one of the suits (No. 80–0512), after the judgment, filed[5] on December 21, 1982 a "Motion to Amend Judgment" with regard to "[t]he fourth paragraph of *the* judgment, as rendered" (emphasis added), which paragraph had required these defendants "to bear costs". See Appendix. These defendants pointed out that they had made an offer of judgment in an amount more than the sum awarded by the judgment, so that under provisions of Fed.R.Civ.P. 68 they were entitled to be exonerated from costs incurred subsequent to the date of this offer of judgment of December 29, 1981. On January 25, 1983, the district court filed an "Amended Judgment", which repeated all awards made by the earlier judgment, except to exonerate these particular defendants from costs subsequent to December 29, 1981, and to impose them on Southern Pacific instead. This motion and the proceedings leading to the amended judgment, as well as the docket entries, were filed only in the record of 79–1592 (Harcon Barge), the principal case.[6]

On December 21, 1982, as noted, Southern Pacific filed a single notice of appeal, likewise captioned with the titles and district court docket numbers of all of the five consolidated suits, which notice "appeals all of the actions ... consolidated for trial at a single time", from "*the* Final Judgment entered in said actions on the 8th day of December, 1982" (emphasis added). Southern Pacific paid only a single filing fee, viewing its single appeal as questioning all awards made in the single judgment disposing of the claims asserted by all of the consolidated suit.[7] The defendants in two of the consolidated suits[8] likewise filed no-

4. For those interested in esoteric information, the following is the meaning of the concluding abbreviations:

| "(JMS/pm)": | The judgment signed by District Judge John M. Shaw was filed by Pam Martinez (pm), a deputy clerk in the clerk's office in Shreveport. |
|---|---|
| "NOE/mb": | Notice of "Entry" of the judgment (NOE) was given to all parties by Deputy Clerk Mildred Baker (mb) of the Opelousas Division Office. |
| "DKT'D 12–14–82": | This is the date the judgment was actually entered on the docket sheet of the case on the record in the Shreveport office of the Clerk of the District Court. *See* part I, *supra*. |

5. Fed.R.App.P. 4(a)(4) provides that, if a "timely motion" to, inter alia, alter or amend the judgment under Fed.R.Civ.P. 59 is filed, then the time for appeal does not run until entry of the order granting or denying such motion. Here, the motion was filed on December 21, within ten days of the entry of the judgment on December 19. As is explained *infra*, 746 F.2d at 289 the timeliness of the motion is actually determined by the date it is served (here, December 15 one day after entry of judgment), not by the date it is filed.

6. They were not filed or noted, for instance, in the record of 80–0512 (M/V Iberville and Tidewater), the defendants in which suit had filed the motion to amend the judgment that disposed of all issues raised in the five consolidated suits.

7. Southern Pacific complains of the insufficiency or denial of damages in the four suits in which it was plaintiff, and from the award of damages against it in the fifth suit (Harcon Barge, No. 79–1592), in which it was held to be partially negligent and liable for ten percent of that plaintiff's (Harcon's) total damages.

8. By their cross-appeals, the defendants in No. 80–0514 (*Southern Pacific v. M/V Marian Hagestad*) and No. 80–0513 (*Southern Pacific v. M/V Charles D*), appeal from the award of damages against them). We will not discuss further these cross-appeals. They are a nullity, as filed

tices of cross-appeal "from the final judgment entered in this action on the 8th day of December, 1982", likewise captioned in their cross-appeals with the titles and district court docket numbers of each of the five consolidated suits. (Following entry of the amended judgment on January 31, 1983 no party filed any notice of appeal or cross-appeal.)

## II.

As will be seen from this recitation of the procedural facts, following the order of consolidation, the five cases were regarded as consolidated into a single proceeding for purposes of both trial and judgment by the district court, by all counsel, and by the district clerk of court. All parties accepted that the claims asserted by the now-consolidated suits were properly decided by a single judgment, as to which any party aggrieved by any portion of the judgment (such as, in Southern Pacific's case, the awards made as to all of the claims initially asserted by each of the five consolidated suits) could perfect his appeal by a single notice of appeal and a single appellate filing fee (rather than, for instance, five filing fees for Southern Pacific's appeal from awards made for claims initially asserted separately by each of the five consolidated suits). Southern Pacific did not, for instance, question this construction of the record in its opposition to the initial motions to dismiss (see note 2 supra)[9], and in its initial brief as appellant in this court Southern Pacific describes (p. 17) its appeal to this court as follows: "On December 15, 1982, Southern Pacific appealed the entire judgment of the trial court."

Not until after oral argument, and after this panel had requested supplementary briefing on the issues we now find require

before entry of the amended judgment that finally disposed of the consolidated litigation, for the same reasons that Southern Pacific's notice of appeal was ineffective to confer appellate jurisdiction upon us.

9. Its then sole contention will be discussed in part III infra.

10. Fed.R.Civ.P. 42(a) provides:

dismissal of this appeal, did Southern Pacific advance its present argument that the motion to amend the judgment by two of the party-defendants held liable within it, somehow, made Southern Pacific's notice of appeal premature under Fed.R.App.P. 4(a)(4) only against those defendants.

We find no statutory support for this contention.

The cases were consolidated by the district court *as sought by Southern Pacific* and authorized by Fed.R.Civ.P. 42(a).[10] This rule authorizes the district court to "order all actions consolidated", when they involve "a common question of law or fact". *Id.* It also authorizes the district court to "make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." *Id.*

In our view, Rule 42(a) authorized the district court to consolidate the cases both for trial and for disposition by a single judgment, especially when (as here) no objection was taken to the district court's effective ruling to this end. Further, the order of the district court granting consolidation was adequate authority for the district clerk of court to make, thereafter, docket entries only on the principal case, with notations in each of the other consolidated cases sufficient to inform the parties therein to look to the docket sheet of the cited lead case for future docket entries. Thus, the entries on the docket sheet in 79–1592 (Harcon Barge), the principal case, of the dates of entry of the judgment and amended judgment, and of the filing of Tidewater's motion to amend and of the notices of appeal and cross-appeal, would be controlling not only for 79–1592 but also for the other four cases consolidated with it.

(a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial if any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The governing principles with regard to consolidations under Rule 42(a) are summarized at 5 Moore's Federal Practice, ¶ 42.-02[3] at 42–27–29 (2d ed. 1984) (footnotes omitted):

> Subdivision (a) speaks both of joint hearings or trials and of consolidation. This wording should not serve to give renewed life to a mistaken notion that there is some inherent distinction between a joint hearing (or trial) of particular issues, and consolidation. The rule is worded as it is to reflect the prior practice to merge the hearing or trial of separate actions so far as is necessary for their expeditious handling. Thus, one or many or all of the phases of the several actions may be merged. But merger is never so complete even in consolidation as to deprive any party of any substantial rights which he may have possessed had the actions proceeded separately. The actions retain their separate identity, and the parties and pleadings in one action do not automatically become parties and pleadings in the other action.

*See also,* to generally similar but somewhat differing effect. 9 Wright & Miller, Federal Practice and Procedure, § 2382 (1971).

■ The parties may not by consolidation, of course, be deprived of some substantive right available to them in an individual suit now consolidated. "The actions [do] not lose their separate identities for purposes of consolidation." *Alfred Dunhill of London v. Republic of China,* 425 U.S. 682, 735, 96 S.Ct. 1854, 1880, 48 L.Ed.2d 301 (1976). A substantive advantage sought by reason of the consolidation was rejected by *Dunhill,* the Court observing that the consolidated actions "were not merged; they were simply consolidated for trial in the interest of economy." *Id.,* 425 U.S. at 726, 96 S.Ct. at 1880. To similar effect, and for similar reasons to reject a substantive advantage sought by one party because of the consolidation, we ourselves have stated that "consolidation does cause one civil action to emerge from two; the actions do not lose their separate identity;

the parties to one action do not become parties to the other." *McKenzie v. United States,* 678 F.2d 571, 574 (5th Cir.1982).

But the issue here is not whether in a general sense separate civil actions remained after consolidation. The issue is whether, because of consolidation, and because of the terms of the judgment and the expectations of the parties and the district court, the district court entered but a single judgment that disposed of all the claims asserted in the consolidated suits, from which only one appeal need be taken by any party aggrieved by any or several of the claims decided, whether or not initially asserted in more than one of the consolidated suits.

The above cited principles were not offended by the district court's action in the present case, which (without objection by the parties) consolidated the cases for both trial and single dispositive judgment of all claims, and by reason of which no party suffered substantive or procedural disadvantage by a procedure that decided all claims in one judgment rather than requiring a separate judgment for each of the five consolidated cases.

The district court, of course, could have maintained the separateness of the five suits except for the purpose of trial, but it did not do so. It could have required separate docket entries in each suit and rendered separate judgments in each suit, in which event requiring any party offended by any disposition to file a separate notice of appeal (and pay a separate appellate filing fee) as to each judgment as to which complaint was made; but it did not do so. We are unable to hold that the district court abused any discretion entrusted to it by Fed.R.Civ.P. 42(a) by the procedure it adopted, when consolidating the cases, so as "to avoid unnecessary costs or delay."

If Southern Pacific's contention at this late date were adopted—that, in effect, a judgment in a single document were regarded, instead, as five separate judgments—we would be faced, not only in this appeal but also in the numerous other consolidated cases similarly decided in the district courts throughout the circuit, with the

issue as to whether individual notices of appeal were required as to each claim originally asserted separately in any one of the suits now decided by the consolidated judgment. In the present instance, for example, Southern Pacific filed only one notice of appeal and paid only one appellate filing fee, which notice is filed solely in the record of the principal suit (79–1592, Harcon Barge). Should its appeal be preserved only in this suit, but dismissed (for lack of a notice of appeal and a separate filing fee) as to the awards questioned by it that were based upon claims in the other four suits that were consolidated with 79–1592 for trial and judgment?

We are unable to find that the broad discretionary powers of the district court under Fed.R.Civ.P. 42(a) to consolidate suits and make appropriate orders to "avoid unnecessary costs or delay" is so rigidly limited, as Southern Pacific suggests, as to prohibit, where no substantive or procedural rights of any party are affected, the court to consolidate the cases both for trial and judgment and to accomplish this efficiently and with minimal cost (and no prejudice to any party), as was done in the present consolidation of the five suits.

### III.

■ It is apparent from our statement of the procedural facts and from the record that Southern Pacific was not prejudiced by the consolidation procedures utilized herein, of which it was fully aware, except by its after-the-fact failure to recognize the draconian effect under Fed.R.App. 4(a)(4) that the filing of the motion to amend had the effect of nullifying its notice of appeal. It was fully aware that the motion was filed, did not contest its timeliness or its request for amendment, and was fully aware that an amended judgment was entered. The real cause of Southern Pacific's predicament is not any prejudice resulting from the consolidation procedures followed, but rather the unduly technical requirement of Rule 4(a)(4) that it file a new notice of appeal, and Southern Pacific's failure to do so after the amended judgment was entered.

The motion to amend was filed on December 21, 1982 by the defendants M/V Iberville and Tidewater. It prayed for the amendment of one paragraph of the judgment, which had assessed costs against these defendants, so as to relieve these defendants of their imposition because of their previous offer of judgment under Fed.R.Civ.P. 68. Without this amendment, subsequently granted, under the judgment these defendants would have been liable for such costs. The motion to amend was "[a] motion to amend or alter the judgment" under Fed.R.Civ.P. 59(e), which had the effect under Fed.App.P. Rule 4(a)(4) of nullifying any previous notice of appeal and, further, of commencing the delay within which to take an appeal only after this motion was disposed of.

When its deficiency in this regard was first called to Southern Pacific's attention by the motions to dismiss the appeal when initially filed in this court (*see* note 2 *supra*), Southern Pacific solely contended in its opposition that the amendment sought (and granted) was not a substantive change in the judgment and that, since the defendants were entitled as of right to the Rule 68 relief, request for such relief could properly be made under Fed.R.Civ.P. 60, citing *Glick v. White Motor Co.*, 317 F.Supp. 42, 43 (E.D.Pa.1970) and similar cases. In *Glick*, the plaintiff had filed a motion to amend under Rule 59(e), praying that it be awarded pre-judgment interest to which it was entitled under state law in this diversity suit. The motion was untimely as a Rule 59(e) motion, however, because served more than ten days after entry of the judgment of which amendment was sought. The district court nevertheless granted the amendment prayed for, reasoning that the motion for amendment to which the mover was entitled as of right to relief could be characterized as a motion under Fed.R. Civ.P. 60(a) to correct a clerical mistake, which under this rule could be corrected at any time.

■ The circumstance that relief sought by a timely filed motion to amend under Rule 59(e) could also have been obtained under Rule 60(a) is not persuasive of

the conclusion that a timely filed motion to amend or alter the judgment under Rule 59(e) must always be characterized as a non-59(e) motion. Nor does Southern Pacific cite any decision to this effect. With all its defects, one virtue of Fed.R.App.P. 4(a)(4) is its certainty in providing that an effective notice of appeal must be filed when certain specified motions, including a motion to amend or alter under Rule 59(e), are filed after the judgment is entered. This certainty would be eroded if we adopted Southern Pacific's contention that a motion to amend the judgment, which looks and reads like and *is* a Rule 59(e) motion, may nevertheless be disregarded as such for purposes of evading the harsh effects of Rule 4(a)(4), because the amendment relief might have been sought by some other post-judgment motion.

Before oral argument, Southern Pacific's initial position was that the delay to notice on appeal commenced when the judgment was filed on December 8, 1982 (*see* Part I *supra*), on which date notice of "entry" (filing) of the judgment was sent to all counsel by the deputy clerk at Opelousas (*see* note 4 *supra*). We were originally given some concern that, since initially all parties shared Southern Pacific's misconception that this date was the effective date of entry of the judgment, perhaps (although the issue was not raised below) under this construction of the record the present Rule 59(e) motion to amend the judgment was not a *"timely"* motion as required by Fed.R.App. 4(a)(4); in the absence of timeliness, the motion could not have the effect of nullifying an otherwise timely notice of appeal. However, even under that construction of the record by the parties initially, the Rule 59(e) motion to amend the judgment was timely served and filed under Rule 4(a)(4) and would thus nullify Southern Pacific's otherwise timely prior notice of appeal.

The motion to amend by M/V Iberville and Tidewater was filed on December 21, 1982. To the motion was attached a certificate dated December 15, 1982, stating that on that date the motion and attachment had been served on all counsel in the consolidated cases by deposit in the United States mail, properly addressed and with sufficient postage.

Under Fed.R.Civ.P. 59(e), a motion to amend must be "served" not later than ten days after entry of judgment. Service of pleadings subsequent to the original complaint, with exceptions not here relevant, may be made upon an opposing attorney "by mailing it to him at his last known address.... Service by mail is complete upon mailing." Fed.R.Civ.P. 5(b). The filing thereafter of the motion must be made "within a reasonable time" after service. Fed.R.Civ.P. 5(d).

■ Under these principles, Tidewater's Rule 59(e) motion to amend was "served" on December 15, 1982, the relevant date for its timeliness, not the date it was "filed" on December 21, 1982, as so held in *Allen v. Ault,* 564 F.2d 1198 (5th Cir.1977). The date of service of a motion to amend the judgment within the meaning of Rule 59(e) is the date upon which the moving party certifies, without contest by the non-moving parties, that the motion was mailed to opposing counsel. *Clayton v. Douglas,* 670 F.2d 143, 144 (10th Cir.), *cert. denied,* 457 U.S. 1109, 102 S.Ct. 2911, 73 L.Ed.2d 1319 (1982); 11 Wright and Miller, Federal Practice and Procedure, §§ 2812 at 83 & n. 48, § 2817 at 109 & nn. 24–26 (1973).

Thus, even if (as earlier argued) the date of filing the judgment (December 8th) rather than the date of its entry (December 14) were the determinative date, then Tidewater's motion to amend, served on December 15, would be considered timely served and thereafter filed on December 21, within a reasonable time after such service. And, of course, since actually the date of the judgment's entry on December 14 is the determinative date, the present motion to amend, which was *filed* on December 21 (i.e., within the ten-day delay after entry of judgment allowed for *service* of the motion, *prior* to its filing), is clearly timely.

*Conclusion*

We therefore find that we are without jurisdiction to hear this appeal or (*see* note 8 *supra*) or the cross-appeals, because of the failure of any party to file a notice of appeal after the amended judgment was

entered in this case on January 31, 1983. The appeal must therefore be DISMISSED, at the cost of Southern Pacific, the appellant.

APPEAL DISMISSED.

*Appendix*

The judgment filed in this consolidated case on December 8, 1982, is as follows:

United States District Court

Western District of Louisiana

Lafayette-Opelousas Division

Section S

Filed Dec. 8, 1982

HARCON BARGE COMPANY, INC.

vs.

D & G BOAT RENTALS, INC.

Civil Action Number 791592

SOUTHERN PACIFIC TRANSPORTATION CO.

vs.

M/V I.C. HOSKINS, ET AL.

Civil Action Number 800511

SOUTHERN PACIFIC TRANSPORTATION CO.

vs.

M/V IBERVILLE, ET AL.

Civil Action Number 800512

SOUTHERN PACIFIC TRANSPORTATION CO.

vs.

M/V CHARLES D, ET AL.

Civil Action Number 800513

SOUTHERN PACIFIC TRANSPORTATION CO.

vs.

M/V MARIAN HAGESTAD, ET AL.

Civil Action Number 800514

JUDGMENT

These consolidated cases came on for trial before the Court, District Judge John M. Shaw presiding. After hearing the law and the evidence presented, and in accordance with the Findings of Fact and Conclusions of Law filed herewith,

It is ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Harcon Barge Company, and against defendant, Southern Pacific Transportation Company, in the amount of $21,629.68, with 9.07% interest from April 9, 1979, until paid, Southern Pacific to bear costs.

It is further ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of defendants, M/V I.C. Hoskins and the Arthur Smith Corporation, dismissing the claims of Southern Pacific Transportation Company against them, Southern Pacific to bear costs.

It is further ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Southern Pacific Transportation Company, and against M/V Iberville and Tidewater Venice, Inc., in the amount of TWO THOUSAND AND NO/100 ($2,000.00) DOLLARS, with 9.07% interest from April 25, 1979, until paid, and in favor of the United States of America, dismissing the third party demand of defendants, M/V Iberville and Tidewater Venice, Inc., against it, defendants, M/V Iberville and Tidewater Venice, Inc., to bear costs.

It is further ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Southern Pacific Transportation Company, and against M/V Charles D and D & G Boat Rentals in the amount of FORTY THOUSAND AND NO/100 ($40,000.00) DOLLARS, with 9.07% interest from April 7, 1979, until paid, defendants, M/V Charles D and D & G Boat Rentals, to bear costs.

It is further ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Southern Pacific Transportation Company, and against M/V Marian Hagestad and Canal Barge

Company, in the amount of EIGHT HUN-DRED AND NO/100 ($800.00) DOLLARS, with 9.07% interest from May 3, 1979, until paid, defendants, M/V Marian Hagestad and Canal Barge Company to bear costs.

Opelousas, Louisiana, December 8, 1982.

/s/  John M. Shaw
JOHN M. SHAW
UNITED STATES
DISTRICT JUDGE
"COPY SENT
DATE 12–8
BY MB
TO  Ernst
Davidson
Gaudet
Gault
Laborde
Bookter
McCleskey
King".