**Gregory SOCKWELL, et al.,**
**Plaintiffs–Appellees,**

v.

**C. Paul PHELPS and Frank Blackburn,**
**Defendants–Appellants.**

**No. 89–3327.**

United States Court of Appeals,
Fifth Circuit.

July 31, 1990.

Kimberly M. Slay, Staff Atty., Joseph E. Kopsa, Asst. Atty. Gen., William J. Guste, Jr., Atty. Gen., Baton Rouge, La., for defendants-appellants.

David E. Stanley, Baton Rouge, La. (court-appointed), for plaintiffs-appellees.

Gregory Sockwell, pro se.

Raymond Rochon, pro se.

John Crittle, pro se.

Before GEE, REAVLEY and GARWOOD, Circuit Judges.

GARWOOD, Circuit Judge:

Defendants-appellants C. Paul Phelps (Phelps) and Frank Blackburn (Blackburn) appeal an adverse judgment of the United States Magistrate awarding damages under 42 U.S.C. § 1983. We vacate because the magistrate lacked authority to try the case and enter judgment.

**Facts and Proceedings Below**

Gregory Sockwell, Raymond Rochon, and John Crittle (collectively, appellees), prisoners confined at the Louisiana State Penitentiary (LSP), filed a pro se suit under 42 U.S.C. § 1983 on February 20, 1985, against Phelps, then Secretary of the Louisiana Department of Public Safety and Corrections, and Blackburn, then the Warden of LSP. Appellees contended that Phelps and Blackburn imposed, maintained, or acquiesced in a system of racial segregation in the assignment and placement of prisoners in two man cells at LSP. The district judge referred the case to a magistrate

pursuant to the Federal Magistrates Act, 28 U.S.C. § 631, *et seq.*, and all parties to the case signed forms consenting to proceed before that official on March 26, 1985. The original magistrate in the case resigned later that year, and a new magistrate took the case in 1986.

In January 1988, the magistrate recommended that the district court deny appellee's motion for summary judgment and grant in part and deny in part the summary judgment motion of Phelps and Blackburn. The court adopted the recommendation. As a result, the only remaining issue to be litigated was whether the "extended and administrative lockdown was unconstitutionally segregated by race, i.e., segregated without some legitimate penological purpose."

Apparently, the original magistrate's successor was confused about whether consent under section 636(c) had been given to try this issue before him. At the beginning of a proceeding on February 2, 1989, seeking to determine whether to conduct the proceeding as an evidentiary hearing or as a trial, the magistrate asked the parties if they gave consent under section 636(c). Appellees at that time asked to withdraw the consent they had previously given, and Phelps and Blackburn objected. The magistrate granted appellees' request and proceeded to conduct the proceeding as an evidentiary hearing, which, pursuant to section 636(b)(1)(B), does not require consent. The hearing concluded on February 2, 1989. In his March 14, 1989 opinion, however, the magistrate *sua sponte* ruled that his earlier decision to grant appellees' request to withdraw consent had been a mistake and that the request had been "improvidently and erroneously granted." Consequently, the magistrate reversed his

earlier decision, treated the evidentiary hearing as a trial, and denied appellees' previously granted request to withdraw their consent. Entering judgment in favor of appellees, the magistrate awarded them $1.00 in nominal damages and $5,000 total in punitive damages. Phelps and Blackburn now appeal.

### Discussion

■ In addition to challenging the judgment below on its merits, Phelps and Blackburn contend on appeal that the magistrate lacked authority to try the instant case and enter judgment because he had granted appellees' request to withdraw consent before the proceeding began. As we agree with this contention, we do not address the merits.

Under 28 U.S.C. § 636(b)(1)(B), among other things, "a judge may ... designate a magistrate to conduct ... evidentiary hearings." However, to actually try a civil case and order entry of judgment, a magistrate must have "the consent of the parties." Section 636(c)(1). Appellees and Phelps and Blackburn filed such consent in March 1985. Subsequently, prior to the commencement of the proceeding before the magistrate on February 2, 1989, appellees sought to withdraw their section 636(c) consent, and the magistrate agreed to their request.[1]

When requesting permission to withdraw consent, appellees sought to assert their constitutional right to have an Article III judge conduct the trial and enter judgment.[2] Once the magistrate allowed the withdrawal, the situation was as if the section 636(c) consent had never been given, and, accordingly, the magistrate simply lacked the power to try the case and enter

---

1. The magistrate cautioned appellees that, in reviewing his findings, the district judge could overrule his decision to grant appellees' request to withdraw consent. We note that a magistrate may permit a party to withdraw its consent. However, we do not pass on whether the magistrate's decision to allow withdrawal was substantively appropriate under the particular circumstances, *i.e.*, whether adequate grounds existed for permitting appellees to withdraw their consent, but rather confine our focus to whether, after the proceeding had concluded, the mag-

istrate could reverse his earlier decision and enter judgment in the case. Clearly, the magistrate had the jurisdiction and power to permit the withdrawal of consent as he did.

2. In this regard, we note that once a right is knowingly and voluntarily waived "a party has no constitutional right to recant at will." *Carter v. Sea Land Serv., Inc.*, 816 F.2d 1018, 1021 (5th Cir.1987).

judgment in it. That the magistrate had second thoughts after the proceeding had concluded about the propriety of the withdrawal and his decision to permit it cannot alter this.

■ We have at least on one occasion employed harmless error analysis in a case involving a magistrate's exercise of power reserved to a judge. In *United States v. Boswell*, 565 F.2d 1338 (5th Cir.1978), a magistrate substituted for the infirm judge at the closing arguments before the jury. The judge asked the parties if they objected to the substitution, but did not inform them of their right under Fed.R.Crim.P. 25(a) to have an Article III judge finish the trial. The attorneys expressly stated that they had no objection. During the closing arguments, the defense objected to the prosecutor's allegedly misquoting testimony. The magistrate stated that because he had not been present for the testimony he was not in a position to determine whether it had been misquoted. However, the magistrate asserted that since the jurors had been present they should be the judges of the prosecutor's statements. The judge returned after the arguments and charged the jury, thereafter presiding for the remainder of the trial. No objection was made until after the verdicts were returned. We concluded that the failure to conform to Rule 25(a) was harmless error for the reason given by the magistrate when overruling defense counsel's objections. *Id.* at 1342. However, the express consent of the attorneys in *Boswell* may have been crucial to the result there. It was certainly noted in the opinion, *id.* at 1341, and we did not expressly decline to rely on it; moreover, we cited a case in which the conviction had been affirmed where "the presence of a trial judge during the selection of the jury had been 'implicitly waived' by defense attorneys." *Id.* at 1342 (citing *Haith v. United States*, 342 F.2d 158 (3d Cir.1965)). Finally, we stated that "[o]ur decision applies to this case only, and to what actually happened here." *Id.* We do not regard *Boswell* as controlling in the case at bar.

In *United States v. De La Torre*, 605 F.2d 154 (5th Cir.1979), the district judge in a criminal trial designated a magistrate to receive the jury's verdict. Defense counsel agreed to this designation. During deliberation, the jury requested that a portion of the charge concerning conspiracy be provided to it. As a result, the magistrate conferred with the judge and, pursuant to his instructions, re-read the conspiracy portion of the charge. Defense counsel then asked that certain definitions in the charge be re-read as well. The magistrate refused to do this, over defense counsel's objection, instead asking the jury whether what had been read had satisfied its inquiry. The jury foreman responded affirmatively. We reversed, holding that because the definitions were crucial to an understanding of the charge, failure to have an Article III judge rule on the defense request could not be deemed harmless error, regardless of the correctness of the charges to the jury or the answers to their questions, since "the ruling of the magistrate was not for him but for the judge, exercising his own discretion in the circumstances, to make." *Id.* at 155–156. By saying that a harmless error determination was "beyond our powers to make" (*id.* at 156, footnote omitted), we arguably in substance declined to apply the harmless error rule.

In a recent decision, however, the Supreme Court expressly declined to employ harmless error analysis in a case involving the Federal Magistrates Act. *Gomez v. United States*, — U.S. ——, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989). There, the district judge assigned a magistrate to conduct the *voir dire* examination and jury selection in petitioners' felony trial, overruling petitioners' objections to the assignment. In reversing the lower courts, the Supreme Court ruled that presiding at the selection of a jury in a felony trial without the defendant's consent is not one of the "additional duties" magistrates may be assigned pursuant to 28 U.S.C. § 636(b)(3). *Id.* at 2240–46. The Court also decided that harmless error analysis is not applicable in a felony case in which the judge, over defendant's objection, assigns a magistrate, whose decisions are not subject to

meaningful review by a judge, to select a jury. *Gomez,* 109 S.Ct. at 2247–48.

A recent decision of our Court also rejected harmless error analysis in the venue context. *Gogolin & Stelter v. Karn's Auto Imports, Inc.,* 886 F.2d 100 (5th Cir. 1989). In finding that venue was improper and reversing the denial of defendant's motion to dismiss for improper venue, the *Gogolin & Stelter* Court ruled that harmless error analysis has no place in a case in which a party has not consented to or waived his challenge to the statutorily improper venue. *Id.* at 104.

The en banc Court examined the consent necessary for trial before a magistrate in *Archie v. Christian,* 808 F.2d 1132 (5th Cir.1987) (en banc). There the district court had referred the suit to the magistrate to conduct a jury "trial" and thereafter submit to the district court the jury's findings and the magistrate's recommendations. Pursuant to this referral, the magistrate conducted a jury "trial," and after the jury verdict in favor of the defendants-appellees, filed a report with the district court recommending that the jury findings be adopted. The district court adopted the report and its recommendations, and dismissed the action by a judgment that it signed. None of the parties consented in writing to the proceedings before the magistrate, but the plaintiff-appellant never objected, before the magistrate, the district court (although the plaintiff did object to the magistrate's recommendation on other grounds), or on appeal, to the jury proceedings being before the magistrate. The defendants-appellees did object to the magistrate's presiding over the jury proceedings, but withdrew this objection when the verdict was returned and did not thereafter so object. We held that it was error for the magistrate to conduct the proceedings without the consent of both parties, but that the defect was not jurisdictional because the judgment in question was that of the district court. We further held that the plaintiff-appellant had waived the issue by

not raising it on appeal or at any other time.

This case differs from *Archie* in two significant respects. First, here the judgment in question is that of the magistrate, not the district judge, so the error is jurisdictional, or at least plainly more fundamental than that in *Archie.* Second, in this case the appellants have raised the issue on appeal and did not waive it below. We note that the *Archie* opinion proceeds on the implicit assumption that the harmless error analysis is inapplicable, and that reversal would have been required had not the appellant so clearly waived the matter.

We apply the approach of *Gomez, Archie,* and *Gogolin & Stelter,* and hold that the harmless error rule is inapplicable.[3]

Here the magistrate lacked the authority to try the case and enter judgment once he had granted appellees' request to withdraw their consent before the proceeding began. After the proceeding had concluded, the magistrate could not retroactively set aside the previously allowed withdrawal of consent and transform the completed proceeding from a hearing leading to recommendations for district court review and action to a trial with final judgment to be entered by the magistrate.

### Conclusion

For the foregoing reasons, the judgment below is reversed and the cause is remanded for a new trial.

REVERSED and REMANDED.

---

**3.** We observe that showing prejudice in a case such as this would inherently be virtually impossible. We also note that, as in *Gomez, supra,* the decision of the magistrate was not subject to

meaningful district court review; in fact, here the decision was not subject to district court review at all. *See also Matter of Hipp, Inc.,* 895 F.2d 1503, 1509 (5th Cir.1990).