**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 90-4594
_____

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                                        Plaintiff,

          ELENORIA ANDERSON,

                              Movant-Appellant,

                    VERSUS

     WEST LOUISIANA HEALTH SERVICES, INC.,

                              Defendant-Appellee.

               * * * * * *

     EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                                   Plaintiff,

                    VERSUS

     WEST LOUISIANA HEALTH SERVICES, INC.,

                              Defendant-Appellee,

                    VERSUS

               BETTY JO LEWIS,

                         Intervenor-Appellant.

               _____

          Appeal from the United States District Court
             for the Western District of Louisiana
               _____

Before POLITZ, Chief Judge, SMITH, Circuit Judge, and FITZWATER,[*]
District Judge.

───────────────

     [*] District Judge of the Northern District of Texas, sitting by designa-
tion.

JERRY E. SMITH, Circuit Judge:

Elenoria Anderson and Betty Jo Lewis appeal the decision of a federal magistrate to dismiss their respective title VII complaints. They challenge the jurisdiction of the magistrate to preside over, and enter judgment in, their respective cases.[1] We affirm as to Anderson but vacate as to Lewis and remand.

I.

On April 4, 1988, the Equal Employment Opportunity Commission (EEOC) filed suit in federal district court, No. CV88-0950, against West Louisiana Health Services, Inc. ("Health Services"), which operates Beauregard Memorial Hospital. The complaint alleged that Health Services had violated title VII by discharging Anderson in retaliation for her opposition to alleged violations of title VII and because she had filed complaints with both the National Association for the Advancement of Colored People and the EEOC. Health Services replied that Anderson's dismissal was unrelated to her complaints, stating that she had been terminated because of insubordination and improper discharge of her duties. Anderson did not intervene in that suit.

After Health Services filed its answer, both parties executed forms consenting to a trial before a magistrate and to entry of

---

[1] The appellee, Health Services, contends that Lewis has not raised the issue of jurisdiction. While jurisdictional issues may always be raised sua sponte, we observe that in her Statement Regarding Oral Argument in her opening brief, Lewis refers to "[t]he legal issue in this appeal" as "Jurisdiction of Magistrates."

final judgment by the magistrate. In July 1988, the district judge issued an order of reference assigning all further proceedings and entry of judgment to the magistrate "in accordance with Title 28, U.S.C. 636(c) and the foregoing consent of the parties."

On September 30, 1988, the EEOC filed another suit, No. CV88-2445, against Health Services alleging that the hospital was engaging in unlawful employment practices, including improperly refusing to re-hire Lewis. Lewis and her husband were involved in the Anderson dispute, as Mr. Lewis, a security guard at the hospital, was refusing to reduce to writing his reports on the employee pilfering that had resulted in Anderson's dismissal. Docket entries were made in Anderson's case as early as June 9, 1988, indicating that the Lewises would be deposed. Lewis, represented by separate counsel, intervened on October 31, 1988.

On November 28, 1988, the district clerk sent all parties of record in No. CV88-2445 a notice of right to consent to the exercise of civil jurisdiction by a magistrate and forms by which to exercise such consent. By December 12, 1988, both the EEOC and Health Services had executed and returned consent forms pursuant to Fed. R. Civ. P. 73; Lewis never filed such a consent.

On December 19, 1988, the EEOC filed a motion to consolidate the two cases, stating, "The Intervenor has no objection to the granting of this Motion." The next day, the district judge granted the motion; thereafter, all court entries were made on one consolidated docket sheet under No. CV88-0950. The cases were treated as a single proceeding for purposes of trial and judgment.

3

Trial was held before the magistrate beginning August 28, 1989; he filed his ruling and formal judgment on May 29, 1990, dismissing the EEOC's claims and Lewis's intervention. The judgment was docketed on May 30. Since the magistrate issued the final judgment, he sent no report or recommendation to the district judge, who in turn did not enter any form of judgment.

Anderson timely filed a notice of appeal on her own behalf on July 30. Lewis filed a pro se notice of appeal on August 1 S)Q sixty-one days after the date of entry of judgment by the magistrate. Lewis's attorney's motion to withdraw as counsel of record was granted three weeks later.


## II.

Anderson argues that the magistrate erred in conducting the trial and rendering judgment pursuant to 28 U.S.C. § 636(c), where Lewis never formally had consented to waive her right to have her case tried by a district judge. She asserts that Lewis's failure to file a written consent form deprived the magistrate of jurisdiction. She does not challenge the magistrate's decision on its merits.

Unlike the cases Anderson cites to buttress her argument, Anderson's was not a case in which a party failed to consent to the reference to the magistrate: Anderson, Health Services, and the EEOC did consent to the reference, in writing. If Lewis had been a party to Anderson's case, Lewis's lack of consent would have required that we consider Anderson's argument. At the time of the

4

magistrate's trial, however, Anderson's and Lewis's respective cases, although consolidated, still had their individual identities.  As we have stated,

> consolidation does not cause one civil action to emerge from two; the actions do not lose their separate identity; the parties to one action do not become parties to the other.  As a consequence, the subsequent consolidation of [plaintiff's] two lawsuits did not give the district court subject matter jurisdiction to adjudicate his action [where no federal jurisdiction existed independently].

McKenzie v. United States, 678 F.2d 571, 574 (5th Cir. 1982) (citations omitted).

We also "view each consolidated case separately to determine the jurisdictional premise upon which each stands." Kuehne & Nagel v. Geosource, Inc., 874 F.2d 283, 287 (5th Cir. 1989).  There, the district court consolidated two cases for trial.  We examined the jurisdictional basis of each case as it existed before the cases were consolidated and found that although we had no jurisdiction over one case, we could consider the merits of the other.  See also Alfred Dunhill, Inc. v. Republic of Cuba, 425 U.S. 682, 735 (1976) (individual suits that are consolidated do "not lose their separate identities for purposes of consolidation").

Although the aforementioned cases differ from the instant case in that they involved the issue of federal, rather than a magistrate's, jurisdiction, we see no reason not to apply their analysis here.  The magistrate thus had jurisdiction over No. CV88-0950 (regarding Anderson) because both the EEOC and Health Services had executed written consent.  The magistrate did not have written consent from all of the parties in No. CV88-2445 (regarding Lewis),

however, as only the EEOC and Health Services had given consent. Accordingly, we affirm the judgment of the district court as it applies to Anderson.

### III.

We next consider whether Lewis's appeal should be dismissed because her notice of appeal was not timely. It should not. Under Fed. R. App. P. 4(a)(1), a party wishing to appeal a matter in which an agency of the United States is a party must file a notice of appeal within sixty days after the entry of judgment. It is undisputed that Lewis filed her notice sixty-one days after judgment. Ordinarily, such tardiness would leave us without jurisdiction. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 203 (1988).

The record reflects, however, that Anderson filed her notice of appeal on July 30, within the required period. Fed. R. App. P. 4(a)(3) states,

> If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days after the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period last expires.

See Mikeska v. Collins, 928 F.2d 126 (5th Cir. 1991) (per curiam) (on rehearing). Because Lewis's notice was filed within the prescribed period after Anderson timely filed her notice, Lewis's appeal is timely if we deem Lewis and Anderson to be parties to the same case for the purpose of appellate jurisdiction.

6

The rule of <u>McKenzie v. United States</u>, 678 F.2d 571, 574 (5th Cir. 1982), discussed in part II, <u>supra</u>, does not resolve the issue at hand. We have recognized that, although consolidation does not eliminate the independent existence of the actions, where the claims have been treated as one throughout the trial, they may be treated similarly for purposes of the notice of appeal:

> [T]he issue here is not whether in a general sense separate civil actions remained after consolidation. The issue is whether, because of consolidation, and because of the terms of the judgment and the expectations of the parties and the district court, the district court entered but a single judgment that disposed of all the claims asserted in the consolidated suits, from which only one appeal need be taken by any party aggrieved by any or several of the claims decided, whether or not initially asserted in more than one of the consolidated suits.

<u>Harcon Barge Co. v. D&G Boat Rentals</u>, 746 F.2d 278, 287 (5th Cir. 1984), <u>rehearing en banc on other grounds</u>, 784 F.2d 665 (5th Cir.), <u>cert. denied</u>, 479 U.S. 930 (1986). <u>Cf.</u> <u>Barnett v. Petro-Tex Chem. Corp.</u>, 893 F.2d 800, 805 (5th Cir.), <u>cert. denied</u>, 110 S. Ct. 3274 (1990) (when cases have been consolidated for trial and disposed of by entry of only one final judgment, a single notice of appeal may be used by all appealing parties).

Here, as in <u>Harcon Barge</u>, although the court could have chosen to treat the cases otherwise, the magistrate issued only one order deciding both consolidated actions, and the clerk used only one docket sheet. <u>See</u> <u>Harcon Barge</u>, 746 F.2d at 286. The actions were consolidated eight months before trial and were treated together thereafter. Although their actual cases and causes of action remained separate, Lewis and Anderson thus were parties to the same

7

judgment, and we conclude that Lewis's appeal was filed timely, i.e., within the fourteen-day period of rule 4(a)(3).

We further note that such a holding is not inconsistent with our conclusion that the cases should be treated as separate for the purpose of determining the magistrate's jurisdiction; the requirements of trial and appellate jurisdiction are not identical, and this indeed is an appeal from a joint ruling on separate suits tried together. To hold otherwise would discourage warranted consolidations and would disserve the interest of judicial economy.

## IV.

We now consider whether the magistrate had jurisdiction over Lewis and her case and, concluding that he did not, we vacate the judgment as to Lewis and remand to the district court for further proceedings. The district court referred Anderson's case to the magistrate under section 636(c).[2] Because Lewis's trial counsel

---

[2] As of July 1988, § 636(c) read in relevant part as follows:

(c)    Notwithstanding any provision of law to the contrary S)Q

(1)    Upon the consent of the parties, a full-time United States magistrate or a part-time United States magistrate who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves . . . .

(2)    If a magistrate is designated to exercise civil jurisdiction under paragraph (1) of this subsection, the clerk of court shall, at the time the action is filed, notify the parties of their right to consent to the exercise such jurisdiction. The decision of the parties shall be communicated to the clerk of court. Thereafter, neither the district judge nor the magistrate shall attempt to persuade or induce any party to consent to reference of any civil matter to a magistrate. Rules of court for the reference of civil matters to magistrates shall include procedures to protect the voluntariness of the parties' consent.

indicated that his client had consented to consolidation, and because the record does not appear to contain any evidence that Lewis objected to the consolidation or the reference at any time before judgment, Health Services argues that Lewis impliedly consented to the reference or, alternatively, that she waived any objection.

Consent to trial by a magistrate under section 636(c) cannot be implied.  In Archie v. Christian, 808 F.2d 1132, 1137 (5th Cir. 1987) (en banc), we held that

> before commencing the actual trial of any civil case in which a magistrate is to preside pursuant to the authority of 28 U.S.C. § 636(c), jury or nonjury, he shall inquire on the record of each party whether he has filed consent to the magistrate's presiding and shall receive an affirmative answer from each on the record before proceeding further.

Nothing in the record reflects such an inquiry and response.  Thus, we must vacate the magistrate's decision unless we find that Lewis waived her right to trial by a district judge.  She did not.

Health Services argues that the matter of a party's consent to a magistrate's jurisdiction is a procedural one, which can be waived, rather than a jurisdictional one, which cannot.  See Caprera v. Jacobs, 790 F.2d 442, 445 (5th Cir. 1986).  It cites no precedent that would compel that conclusion.

In Archie, we held that where a district court referred a civil case for trial before a magistrate, in order for him to make findings and recommendations, without obtaining the consent of all parties, the defect was procedural:  "The flaw was in the procedure

by which that judgment was arrived at: by generally delegating the conducting of jury trials to officials not authorized to do such work without consent of the parties and by the district judges [sic] adopting as his own the product of that improper process." 808 F.2d at 1134.  See also Parker v. Mississippi State Dep't of Pub. Welfare, 811 F.2d 925 (5th Cir. 1987).

It is important to note, however, that in Parker and Archie the respective district courts, not the magistrates, entered judgment.  In contrast, the magistrate in the case before us entered judgment under section 663(c)(1).  We previously have held that to be a significant distinction.

For instance, in Sockwell v. Phelps, 906 F.2d 1096 (5th Cir. 1990), after a magistrate who was to preside resigned and was replaced, the new magistrate allowed the plaintiffs to withdraw their written consent.  The magistrate then conducted the proceeding as an evidentiary hearing but later decided that he had erred in granting the plaintiffs' motion to withdraw their consent, and consequently he rendered judgment pursuant to section 636(c).

On appeal, the defendants argued that the magistrate was without jurisdiction because he had granted the plaintiffs' request to withdraw their consent before the proceeding began.  We agreed, noting that once the magistrate had allowed the withdrawal, "the situation was as if the section 636(c) consent had never been given, and, accordingly, the magistrate simply lacked the power to try the case and enter judgment in it."  Id. at 1098.  The opinion distinguished Archie by noting that in Sockwell "the judgment in

10

question is that of the magistrate, not the district judge, so the error is jurisdictional, or at least plainly more fundamental than that in <u>Archie</u>."   We drew a similar distinction in <u>McLeod, Alexander, Powel & Apffel, P.C. v. Quarles</u>, 925 F.2d 853, 857 (5th Cir. 1991), noting that "it is the law of this circuit that <u>when the judgment on a matter is entered by the district court, and not the magistrate</u>, failure to obtain the consent of the parties to the proceeding before the magistrate is only a procedural error, not a jurisdictional error" (emphasis added), plainly indicating that the converse also must be true.[3]  We thus follow our previous reasoning and vacate the judgment as to Lewis and remand to the district court for appropriate further proceedings.[4]

---

[3]  Other circuits have held that under § 636(c), the magistrate lacks jurisdiction unless consent is explicit, and such consent cannot be inferred from the conduct of the parties.  <u>See</u> <u>Clark v. Poulton</u>, 914 F.2d 1426 (10th Cir. 1990); <u>In re San Vicente Medical Partners Ltd.</u>, 865 F.2d 1128 (9th Cir. 1989); <u>Silberstein v. Silberstein</u>, 859 F.2d 40 (7th cir. 1988); <u>Hall v. Sharpe</u>, 812 F.2d 644 (11th Cir. 1987).

[4]  Recent Supreme Court authority does not bring into doubt our holdings in <u>Sockwell</u> and <u>McLeod</u>.  In <u>Gomez v. United States</u>, 109 S. Ct. 2237, 2248 (1989), the Court held that a magistrate could not conduct voir dire proceedings in a felony trial under 28 U.S.C. § 636(b), as such exceeded the jurisdiction of the judicial officer.  In <u>Peretz v. United States</u>, 111 S. Ct. 2661, 2667 (1991), the Court permitted the magistrate to preside over jury selection where the defendant's counsel, "rather than objecting to the Magistrate's role, affirmatively welcomed it."  We note that both of those cases refer to reference under section 636(b), whose language, unlike that of section 636(c), does not explicitly require the parties' consent.  Nothing in those opinions indicates that the Court would conclude that failure to obtain the parties' explicit consent to reference to the magistrate for trial and entry of judgment under section 636(c) is a procedural error subject to waiver.

## V.

We trust that our treatment of this case will be understood as an analysis of the jurisdictional fence that surrounds the office of the article III judge, not an implied warning to attorneys and litigants to consent to trial before a magistrate judge with trepidation or, worse yet, to consent not at all. The judgment as to Anderson is AFFIRMED. The judgment as to Lewis is VACATED and REMANDED.