PATRICK E. HIGGINBOTHAM, Circuit Judge:
 

 After consent by all parties, this diversity case was referred to a magistrate for trial and the entry of final judgment. 28 U.S.C. § 636(c). Appellants, relying on
 
 Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix,
 
 712 F.2d 1305 (9th Cir.1983), claim that magistrates in trying such cases exercise powers reserved under the Constitution to Article III judges.
 

 Pacemaker,
 
 however, was vacated
 
 en banc,
 
 725 F.2d 537 (9th Cir.1984) (en banc). That court found § 636(c) of the Magistrates Act saved from any constitutional infirmity by its requirement that all parties consent to such transfer and by the power of the district court to vacate the reference to the magistrate on its own motion. § 636(c)(1), (6). Each circuit facing this question has reached a similar conclusion.
 
 Goldstein v. Kelleher,
 
 728 F.2d 32 (1st Cir.1984);
 
 Collins v. Foreman,
 
 729 F.2d 108 (2d Cir.1984);
 
 Wharton-Thomas v. United States,
 
 721 F.2d 922 (3d Cir.1983).
 

 For essentially the reasons stated by our sister circuits, we find that § 636(c) of the Magistrates Act does not suffer the asserted constitutional infirmity. We publish only part II of this opinion because this breach of contract case otherwise presents no issues of precedential value.
 

 AFFIRMED.