Paul Edward ARCHIE, et al., Plaintiffs,

Paul Edward Archie,
Plaintiff-Appellant,

v.

David A. CHRISTIAN, et al.,
Defendants-Appellees.

No. 84–2175

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 19, 1985.

Paul E. Archie pro se.

Jim Mattox, Atty. Gen., M. Lawrence Wells, Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before CLARK, Chief Judge, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Plaintiff appeals the judgment dismissing his claims under 42 U.S.C. § 1983. We vacate and remand.

## I

Archie sued the defendants for damages under 42 U.S.C. § 1983 for violating his civil rights while he was confined in a Texas prison. The case was tried to a jury with a United States Magistrate presiding, despite defendants' objection and demand for an Article III judge. The jury found in Archie's favor on only two of his claims and declined to award any monetary damages. In his post-trial memorandum to the district court, the magistrate recommended (1) that defendants' objection to proceeding before a magistrate be overruled on the grounds that his presiding was authorized by 28 U.S.C. § 636(b)(1) and (b)(3) and (2) that the jury's findings be adopted. After considering plaintiff's objections to the magistrate's report, the district judge adopted the magistrate's findings and recommendations as the findings and conclusions of the court and entered final judgment dismissing the action.

## II

■ We will not reach the merits of this case or the arguments advanced by the parties on appeal. The judgment must be vacated because the magistrate was without jurisdiction to conduct these proceedings. Accordingly, the final judgment entered was not valid. Although neither party has raised this question, we are obliged to consider jurisdictional questions *sua sponte,* if necessary. *Giannakos v. M/V*

*BRAVO TRADER*, 762 F.2d 1295, 1297 (5th Cir.1985); *Parks v. Collins*, 761 F.2d 1101, 1104 n. 3 (5th Cir.1985); *In re Morrissey*, 717 F.2d 100, 103 (3d Cir.1983).

### III

The magistrate's conclusion, adopted by the district court, that sections 636(b)(1)(B) and (b)(3) authorize the nonconsensual reference of a prisoner suit to a magistrate for jury trial was rejected by this court in a decision issued shortly after judgment was entered in the present case. *Ford v. Estelle*, 740 F.2d 374, 380 (5th Cir.1984).

Section 636(b)(1)(B) authorizes the nonconsensual reference to a magistrate of a prisoner petition challenging the conditions of confinement so that the magistrate may conduct hearings and submit proposed findings of fact and recommendations for disposition to the district court. The district court may accept, reject, or modify this report. If a party objects to any portion of it, the district judge must make a de novo determination of that issue. § 636(b)(1). *Ford* concluded that a jury trial would not fit into the structure of this subsection of the Magistrate's Act because such a trial involves factfinding "intrinsically incapable" of the required de novo review required because of the special respect to which a jury verdict is entitled. 740 F.2d at 380. For the same reason *Ford* also held that section 636(b)(3), which allows the district court to assign to the magistrate any additional duties not inconsistent with federal law or the Constitution, does not authorize the reference of a jury trial without the parties' consent. *Id.* at 381. Section 636(b) was construed to permit nonconsensual reference only of matters which would not be submitted to a jury. *Id.* at 380.

█ *Ford* established that a case may be referred to a magistrate for a jury trial only under section 636(c), which requires the consent of the parties. *Id.* at 380. Defendants' objection negated the required consent. Moreover, the record gives no indication whether plaintiff objected or consented. His silence cannot be construed as consent because section 636(c) requires "clear and unambiguous" consent before the magistrate is authorized to act. *Parks v. Collins*, 761 F.2d 1101, 1106. This consent must be explicit and cannot be inferred from the conduct of the parties. *Id.; Trufant v. Autocon, Inc.*, 729 F.2d 308, 309 (5th Cir.1984). Thus, the required consent of the parties was clearly lacking.

█ Section 636(c) requires that the magistrate presiding over the trial enter final judgment. Lack of consent by the parties, however, deprives him of that authority. For the reasons set forth in *Ford*, the district court cannot enter final judgment after a jury trial before the magistrate based on the magistrate's recommendations pursuant to section 636(b). The manner in which this case was tried precludes both the magistrate and the district judge from entering a valid final judgment. There can be no final judgment in this case without a new trial before an Article III judge, unless both parties properly consent to proceedings before a magistrate.

### IV

The judgment of the district court is vacated and the cause is remanded for further proceedings not inconsistent with this opinion.

VACATED and REMANDED.