Paul Edward ARCHIE, et al., Plaintiffs,

Paul Edward Archie,
Plaintiff-Appellant,

v.

David A. CHRISTIAN, et al.,
Defendants-Appellees.

No. 84–2175.

United States Court of Appeals,
Fifth Circuit.

Feb. 4, 1987.

---

Paul E. Archie, pro se.

M. Lawrence Wells, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for defendants-appellees.

Before CLARK, Chief Judge, GEE, RUBIN, REAVLEY, POLITZ, RANDALL, JOHNSON, WILLIAMS, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, HILL, and JONES, Circuit Judges.

GEE, Circuit Judge:

This appeal concerns the power of a United States Magistrate to conduct a jury trial pursuant to the 1979 Magistrate's Act, 28 U.S.C. Sections 631–639. We conclude that he may do so only with the voluntary consent of all parties to the case, who may not be compelled to accept a trial so conducted. Even so because, in the circumstances presented, it appears that the refusal of one of the parties to consent resulted in merely a procedural error and not in an absence of jurisdiction, we conclude that the panel's decision to the contrary was erroneous; and we remand the appeal to the panel for consideration of the merits.

## Procedural History

Appellant Archie brought an action against Texas prison officials, claiming that they had violated his civil rights while he was confined in state prison. Pursuant to a blanket reference of such matters to United States Magistrates of the Southern District of Texas, Archie's case was tried to a jury before a magistrate.[1] Archie voiced no objection to the magistrate's pre-

---

1. General Orders Nos. 80–5 and 82–4 entered by the Chief Judge of that District sought to empower magistrates to empanel juries in prisoner's civil rights cases, to conduct jury trials, and to submit to the district judge the findings of that jury and the magistrate's recommendations. Their authority to do so was said to flow from portions of the 1979 Magistrate's Act, 28 U.S.C. §§ 636(b)(1) and 636(b)(3). The former section permits a designated magistrate to determine certain pretrial matters, to conduct hearings, and to submit recommendations; the latter authorizes assignment to the magistrate of additional duties not inconsistent with the Constitution and laws.

**1134**

siding, nor has he done so to this good day; not so the defendants, who objected and demanded an Article III judge. They ceased doing either, however, when the jury rejected all of Archie's claims but two and awarded him no damages on those.

The magistrate filed a report to the district court recommending that the objection to his presiding be overruled on the § 636(b) grounds of the general reference order and that the findings of the jury be adopted. Archie filed objections on the merits of the report, but none to the magistrate's having presided; and the district court adopted the report and its recommendations, dismissing the action by a signed, final judgment. This appeal followed, Archie continuing to complain of merits issues only. A panel of our Court declined to address the issues advanced by Archie for review and vacated the judgment of the trial court, determining on its own motion that "the magistrate was without jurisdiction to conduct these proceedings." *Archie v. Christian*, 768 F.2d 726, 727 (5th Cir. 1985). We took the case for rehearing en banc because of reservations regarding the panel's disposition.

### Jurisdiction or Procedure?

■ Although, for reasons stated later, we conclude that reference of this case for trial by a magistrate was improper, the judgment rendered by the district court was not beyond its jurisdiction. Personal jurisdiction was not lacking—all parties were properly before the court—and the judgment that the court rendered was well within its subject matter jurisdiction. The flaw was in the procedure by which that judgment was arrived at: by generally delegating the conducting of jury trials to officials not authorized to do such work without consent of the parties and by the district judges adopting as his own the product of that improper process.

That the process by which it arrived at its judgment was irregular and erroneous did not, however, deprive the district court of jurisdiction over the action. As we have noted, all parties had been properly drawn before the court; and the claims adjudicated were proper subjects of its jurisdiction.[2] It is of the essence of jurisdiction that its absence cannot be waived: a companion section of the Act to that under which the reference was attempted here, however, permits the parties to waive not only the conducting of the trial by an Article III judge but even the entry of judgment by him. 28 U.S.C. § 636(c). Certainly Congress must have believed that such a provision was constitutional and that a magistrate exercising such powers—with the consent of the parties, one component of which was necessarily a waiver of their rights to an Article III presiding judicial officer—was doing so with jurisdiction, or it would not have enacted such a law. That congressional conclusion, although not preemptive, is entitled to considerable deference.

Modern authority is not much given to concluding that procedural irregularities work ouster of a court's *jurisdiction*. In the somewhat analogous situation of an improperly removed case, for example, the United States Supreme Court has held that even though the case has been removed contrary to the applicable statute, nevertheless complaint may not be made of this for the first time on appeal, provided the case was one of which the federal district court would have had original jurisdiction. Thus, in *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972), the Court stated:

"Longstanding decisions of this Court make clear, however, that where after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the

2. It is, of course, the jurisdiction of the district court which is our concern today and which renders the decision below appealable to our Court pursuant to 28 U.S.C. § 1291. Whatever "jurisdiction" a magistrate derives from the consent of the parties alone is matter of contract, akin to that exercised by the estimable Judge Wapner.

case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court."

We need not conclude today that no imaginable procedural lapse could be so egregious as to deprive a federal district court of jurisdiction of the case. We do hold, however, that the procedure employed here—a procedure that wanted only the advance consent of all parties to be regular—was not so outlandish as to deprive the district court of power to enter the judgment which it did. Had there been appropriate complaint of it, a speedy reversal on the summary calendar would doubtless have ensued; jurisdiction, however, is another matter entirely. We conclude that it was not wanting.

### The Necessity for Consent

The magistrate's conclusion in this case, adopted by the district court, that Sections 636(b)(1)(B) and (b)(3) authorize the nonconsensual reference of a prisoner suit to a magistrate for jury trial was rejected by a panel of our Court in a decision issued shortly after judgment was entered in the present case. *Ford v. Estelle,* 740 F.2d 374, 380 (5th Cir.1984).

Section 636(b)(1)(B) authorizes the nonconsensual reference to a magistrate of a prisoner petition challenging the conditions of confinement so that the magistrate may conduct hearings and submit proposed find-ings of fact and recommendations for disposition to the district court. The district court may accept, reject, or modify this report. If a party objects to any portion of it, the district judge must make a de novo determination of that issue. § 636(b)(1). *Ford* concluded that a jury trial would not fit into the structure of this subsection of the Magistrate's Act because such a trial produces factfindings "intrinsically incapable" of the required de novo review owing to the special respect to which a jury verdict is entitled. 740 F.2d at 380. For the same reason, *Ford* also held that Section 636(b)(3), which permits the district court to assign to the magistrate any additional duties not inconsistent with federal law or the Constitution, does not. authorize the reference to him of a jury trial without the parties' consent. *Id.* at 381. Section 636(b) was construed to permit nonconsensual reference only of matters which would not be submitted to a jury. *Id.* at 380. We concur in these holdings of the *Ford* court for the reasons which it gave, more fully stated in its opinion and summarized above.

Section 636(b) being unavailable as a basis for referring civil jury cases to magistrates for trial, only Section 636(c) remains. This provision requires the consent of all parties, incorporating explicit provisions safeguarding the voluntariness of that consent; and rules, both federal and local, are in place to insure that no dragooning takes place.[3]

---

**3.** 28 U.S.C. § 636(c) states:

(1) Upon the consent of the parties, a full-time United States magistrate or a part-time United States magistrate who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specifically designated to exercise such jurisdiction by the district court or courts he serves. Upon the consent of the parties, pursuant to their specific written request, any other part-time magistrate may exercise such jurisdiction, if such magistrate meets the bar membership requirements set forth in Section 631(b)(1) and the chief judge of the district court certifies that a full-time magistrate is not reasonably available in accordance with guidelines established by the judicial council of the circuit. When there is more than one judge of a district court, designation under this paragraph shall be by the concurrence of a majority of all the judges of such district court, and when there is no such concurrence, then by the chief judge.

(2) If a magistrate is designated to exercise civil jurisdiction under paragraph (1) of this subsection, the clerk of court shall, at the time the action is filed, notify the parties of their right to consent to the exercise of such jurisdiction. The decision of the parties shall be communicated to the clerk of court. Thereafter, neither the district judge nor the magistrate shall attempt to persuade or induce any party to consent to reference of any civil matter to a magistrate. Rules of court for the reference of civil matters to magistrates shall include procedures to protect the voluntariness of the parties' consent.

Section (1) requires a written request from the parties before a part-time magistrate can exer-

cise jurisdiction. Section (2) requires the clerk of court to notify the parties of their right to consent and then requires "the decision of the parties" to be communicated to the court.

Section (2) does not explicitly require prior written consent of the parties in order for a full-time magistrate to exercise jurisdiction. However, pursuant to Federal Rule of Civil Procedure 73, the Supreme Court has promulgated Official Forms which require all parties to give written consent to a magistrate's jurisdiction under § 636(c). Neither Rule 73 nor the Forms distinguish between cases before part-time magistrates and those before full-time magistrates. Rule 73 states:

**Magistrates: Trial by Consent and Appeal Options**

**(a) Powers: Procedure.** When specifically designated to exercise such jurisdiction by local rule or order of the district court and when all parties consent thereto, a magistrate may exercise the authority provided by Title 28, U.S.C. § 636(c) and may conduct any or all proceedings, including a jury or nonjury trial, in a civil case. A record of the proceedings shall be made in accordance with the requirements of Title 28, U.S.C. § 636(c)(7).

**(b) Consent.** When a magistrate has been designated to exercise civil trial jurisdiction, the clerk shall give written notice to the parties of their opportunity to consent to the exercise by a magistrate of civil jurisdiction over the case, as authorized by Title 28, U.S.C. § 636(c). If, within the period specified by local rule, the parties agree to a magistrate's exercise of such authority, they shall execute and file a joint form of consent or separate forms of consent setting forth such election.

No district judge, magistrate, or other court official shall attempt to persuade or induce a party to consent to a reference of a civil matter to a magistrate under this rule, nor shall a district judge or magistrate be informed of a party's response to the clerk's notification, unless all parties have consented to the referral of the matter to a magistrate.

The Advisory Committee comment on Fed.R. Civ.P. 73(b) states:

The rule opts for a uniform approach in implementing the consent provision by directing the clerk to notify the parties of their opportunity to elect to proceed before a magistrate and by requiring the execution and filing of a consent form or forms setting forth the election. However, flexibility at the local level is preserved in that local rules will determine how notice shall be communicated to the parties, and local rules will specify the time period within which an election must be made.

Fed.R.Civ.P. 73(a) interprets § 636(c) to make consent necessary before a magistrate can exercise jurisdiction. Rule 73(b) mandates that consent be written and filed with the clerk.

The Supreme Court promulgated one form that notifies parties of their right to consent, and a second that contains a consent form. The notification form states in part:

NOTICE OF RIGHT TO CONSENT TO THE EXERCISE OF CIVIL JURISDICTION BY A MAGISTRATE AND APPEAL OPTION

In accordance with the provisions of Title 28, U.S.C. § 636(c), you are hereby notified that the United States magistrates of this district court, in addition to their other duties, upon the consent of all parties in a civil case, may conduct any or all proceedings in a civil case including a jury or nonjury trial, and order the entry of a final judgment.

You should be aware that your decision to consent, or not to consent, to the referral of your case to a United States magistrate must be entirely voluntary. Only if all the parties to the case consent to the reference to a magistrate will either the judge or magistrate to whom the case has been assigned be informed of your decision.

Official Form 33, effective August 1, 1983. One part of Official Form 34 contains a consent to the magistrate's jurisdiction. Another part provides for election to appeal to a district court rather than the court of appeals and the final part provides an order of reference. The first part of the consent form, which is pertinent here, is as follows:

UNITED STATES DISTRICT COURT FOR THE _____ DISTRICT OF _____

Plaintiff,

versus

No. _____         Docket

Defendant.

CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE

In accordance with the provisions of Title 28, U.S.C. § 636(c), the parties to the above-captioned civil matter hereby voluntarily waive their rights to proceed before a judge of the United States district court and consent to have a United States magistrate conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment.

_____

_____
Date

Official Form 34, effective August 1, 1983.

The Local Rules for the Southern District of Texas established procedures for the assignment of cases to magistrates. In pertinent part, those procedures state:

*Notice.*

The clerk of court shall notify the parties in all civil cases that they may consent to have a magistrate.... Such notice shall be handed or mailed to the plaintiff or his representatives at the time an action is filed and to the other parties as attachments to copies of the complaint and summons, when served....

In common with our sister circuits, we have upheld Section 636(c) against attack on constitutional grounds. *Puryear v. Ede's, Ltd.*, 731 F.2d 1153 (5th Cir.1984).

■ It follows that, in our circuit, no jury trial of this kind can be conducted by a magistrate without the consent of all parties, given in writing and filed before trial commences. In order to prevent recurrences of such situations as today's appeal presents, and in the exercise of our supervisory powers, we direct that before commencing the actual trial of any civil case in which a magistrate is to preside pursuant to the authority of 28 U.S.C. § 636(c), jury or nonjury, he shall inquire on the record of each party whether he has filed consent to the magistrate's presiding and shall receive an affirmative answer from each on the record before proceeding further.[4]

### The Matter in Hand

■ As we have noted above, the deficiency in procedure represented by the failure of the parties to consent to the magistrate's presiding in this case is not of such egregiousness as to deprive the district court of jurisdiction. Appellant Archie has never complained of it, and the appellees (understandably) do not raise it on appeal. This being so, and the defect not being a jurisdictional one, it has been waived. The panel decision has been VACATED and the cause is REMANDED to the panel for consideration of the merits of the appeal.

PATRICK E. HIGGINBOTHAM, Circuit Judge, with whom POLITZ and JOHNSON, Circuit Judges, join, specially concurring:

I concur with the result reached by Judge Gee but, with one eye on Chief Judge Clark's able dissent, would as a matter of prudence do so on different and narrower grounds. We need not face the questions posed by a civil jury trial before a magistrate without the consent of the parties. There is no question but that when the magistrate made his recommendation to the district judge no parties objected to the magistrate's having presided over the trial, although they were well aware that a magistrate had presided. In every real sense they consented.[1] It is true that the official forms require all parties to give *written* consent to a magistrate's jurisdiction under § 636(c) and true that the parties did not do so. The deviation is the magistrate's failure to comply with the implementing rule by insuring that consent to trial before the magistrate take the form of a written consent. *See* Fed.R.Civ.P. 73(a) and 73(b). I would neither find this violation of the rule to be "jurisdictional" and not waivable, nor so substantial that we ought to consider it, *sua sponte.*

I also concur with the supervisory directive for future cases.

CLARK, Chief Judge, dissenting:

The majority defines the issue in terms of the district court jurisdiction and denies

---

*Execution of Consent.*
The clerk shall not accept a consent form unless it has been signed by all the parties in a case. The plaintiff shall be responsible for securing the execution of a consent form by the parties and for filing such form with the clerk of court. . . .
*Reference.*
After the consent form has been executed and filed, the clerk shall transmit it to the district judge to whom the case has been assigned for approval and referral of the case to a magistrate. . . .
General Order No. 80–5, June 16, 1980. A consent form that is almost identical to Official Form 34 is included with the procedures. Two words are omitted from the Southern District's form: The word "voluntarily" is left out of "voluntarily waive," and the word "final" is left out of "final judgment." These Local Rules also

make no distinction between their application to full- and part-time magistrates.

**4.** Good practice would indicate that court orders of designation or reference state plainly under what statutory provision the court is proceeding.

**1.** Any flaw in the magistrate's jurisdiction resulting from *Christian*'s early objection, was cured when he consented. *See Inecon Agricorporation v. Tribal Farms, Inc.*, 656 F.2d 498 (9th Cir.1981) (dismissal of non-diverse party on appeal saved jurisdiction of judgment earlier entered); *Othman v. Globe Indem. Co.*, 759 F.2d 1458 (9th Cir.1985); *Publicker Industries v. Roman Ceramics*, 603 F.2d 1065 (3d Cir.1979) (same).

review. I believe we should ask whether this court must notice a critical defect in the use of article III judicial power.

The majority correctly observes that the district court had jurisdiction of the parties and the subject matter of this action. But this begs the important question. Had an article III district judge conducted the jury trial in this case, his power to enter judgment on the ensuing verdict would raise no question. This is not what happened. The district court improperly referred the case to a magistrate. Then a jury was empaneled and the trial was conducted by a person who had no authority to conduct such a trial under the statutes of the United States or under the rules of the court. Finally, the district judge entered judgment on the verdict resulting from a proceeding conducted by one who lacked any authority to preside. The magistrate was as much a legal stranger to the judicial process that determined the outcome of this proceeding as would have been a bystander called in from the street. Is this "close enough for government work?" Must this court be blind to the error if the parties do not bring it to our notice? I think not.

If (and this "if" is a debatable one [1]) the statute governing proceedings before magistrates is constitutional, consent of the parties must be obtained. Such consent was lacking. The majority does not base its holding on implied consent. Indeed, it directs that in all future cases voluntary, express consent must be present.

I concur in the portion of the opinion entitled "The Necessity for Consent." Indeed, I would go further and now eliminate from our jurisprudence all question as to the conflict between *Rasberry v. Smith,* 759 F.2d 20 (5th Cir.1985) (unpublished opinion), holding consent can be implied, and *Parks v. Collins,* 761 F.2d 1101, 1106 (5th Cir.1985), and *Trufant v. Autocon, Inc.,* 729 F.2d 308, 309 (5th Cir.1984), holding that consent must be express by specifically overruling *Rasberry.*

The panel characterized the situation in *Archie* as one in which the magistrate

lacked jurisdiction. It reasoned that (1) *Ford v. Estelle* established he could not conduct a jury trial under the district court's reference pursuant to § 636(b)(1)(B) and (b)(3); and (2) he could not enter a final judgment under § 636(c) because he lacked consent.

The majority's premise is that the jurisdictional test should be administered to the district court, not its officer—the magistrate. If this be conceded, it merely serves to advance the question to whether this court is bound to notice a breach of the statutory and decisional limits on the exercise of article III judicial power of the United States by a non-article III official. I respectfully submit such unauthorized action cannot be put beyond our independent notice by the adopting stamp of the district judge. The proper exercise of our error-correction function ought not to be limited to making a precatory rule for future cases.

Magistrates are a valuable adjunct to article III judges. But they do not hold office under article III. Congress cannot confer full article III power on them without abridging the Constitution. Cf. *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The limited delegation of article III power to conduct jury trials and to enter final judgments based on such trials is cabined by express consent. *Puryear v. Ede's Ltd.,* 731 F.2d 1153 (5th Cir.1984). The importance of strict compliance with this essential requirement is the nub of my disagreement. In the constitutional scheme of things, it is, in my view, of a significance equivalent to jurisdiction. Appellate notice of such error should be under our control, not that of the parties.

I respectfully dissent from that part of the majority opinion entitled "Jurisdiction or Procedure?" and from the conclusion that this court should consider the merits of the unconstitutional proceedings which

---

**1.** See, e.g., Downs, the Boundaries of Article III, 52 U. of Chicago L.R., 1032.

took place before the magistrate and district court.