**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-40627**

_____

**JON MICHAEL WITHROW,**

**Plaintiff-Appellant,**

**versus**

**JOSEPH C. ROELL; JERRY BALLARD; PETRA GARIBAY; J. REAGAN, M.D.,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**

_____

April 8, 2002

Before JOLLY, JONES, and BARKSDALE, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

This matter having been referred to a magistrate judge pursuant to 28 U.S.C. § 636(c) (on referral and *upon parties' consent*, may try civil case and enter judgment), primarily at issue is whether, when all parties fail to consent pre-trial, but trial is held and judgment entered by the magistrate judge, post-judgment consent cures the pre-trial failure. Defendants contend: pre-trial, all parties consented; alternatively, their post-judgment consent confers jurisdiction on the magistrate judge. **VACATED AND REMANDED.**

I.

In 1997, Jon Michael Withrow, *pro se*, filed this 42 U.S.C. § 1983 action, claiming members of his prison's medical staff (Joseph Roell, Jerry Ballard, Danny Knutson, Petra Garibay, and Dr. James Reagan) acted deliberately indifferently to his medical needs, in violation of, *inter alia*, his Eighth Amendment rights. Withrow gave written consent to trial and entry of judgment by a magistrate judge.

Therefore, pursuant to 28 U.S.C. § 636(c), the district judge referred the action to a magistrate judge, but reminded that all defendants had to also consent to such participation by a magistrate judge (consent). Only Dr. Regan did so (written).

In early 1998, the magistrate judge dismissed all claims except concerning the Eighth Amendment and dismissed Ballard. (Ballard's dismissal is reflected in the final judgment entered 16 May 2000, from which this appeal is taken.) In March 1999, the magistrate judge denied summary judgment for the remaining defendants. Pre-trial, Withrow settled with Knutson; he was dismissed.

The remaining parties proceeded to trial before the magistrate judge, with a jury finding for defendants. The magistrate judge entered final judgment in May 2000, and Withrow timely appealed.

But, *sua sponte*, our court questioned whether the requisite consent had been given by all parties and ordered a limited remand

2

for "the district court [to] determine whether the parties consented ... and, if so, whether the consents were oral or written". *Withrow v. Roell*, No. 00-40627, at 2 (5th Cir. 21 Nov. 2000) (unpublished). Our court retained jurisdiction. *Id*. *See, e.g.*, *Wheeler v. City of Columbus, Miss.*, 686 F.2d 1144, 1154 (5th Cir. 1982) (retaining jurisdiction pending district court compliance with remand).

On remand, the remaining defendants (Roell, Garibay, and Dr. Reagan (Defendants)) gave written consent. In a report and recommendation, the magistrate judge stated: pre-trial, Roell and Garibay never consented; and their post-judgment consent did not cure the jurisdictional defect. *Withrow v. Roell*, No. C-97-256, at 4 & n.3 (S.D. Tex. 8 Jan. 2001) (unpublished). Over Defendants' objections, the district court adopted the report and recommendation. *Withrow v. Roell*, No. C-97-256 (S.D. Tex. 1 Mar. 2001) (unpublished). Defendants' motion to reconsider was denied.

## II.

"*Upon the consent of the parties*, a ... United States magistrate [judge] ... may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment ... when specially designated to exercise such jurisdiction by the district court." 28 U.S.C. § 636(c)(1) (emphasis added); *see* FED. R. CIV. P. 73 (procedures for consent and referral to a magistrate judge); FED. R. CIV. P. APPENDIX OF FORMS, Official Form 33 ("Notice of

3

Availability of Magistrate Judge to Exercise Jurisdiction"); *id*., Official Form 34 ("Consent to Exercise of Jurisdiction by a United States Magistrate Judge"). At issue is whether, pre-trial, Defendants consented; and, if they did not, whether their post-judgment consent is effective.

When, pursuant to § 636(c)(1), the magistrate judge enters final judgment, lack of consent and defects in the order of reference are jurisdictional errors; as such, they cannot be waived. *See* **Hill v. City of Seven Points**, 230 F.3d 167, 168-69 (5th Cir. 2000); **Mendes Jr. Int'l Co. v. M/V Sokai Maru**, 978 F.2d 920, 923-24 (5th Cir. 1992); **EEOC v. W. La. Health Servs., Inc.**, 959 F.2d 1277, 1281-82 & nn.3 & 4 (5th Cir. 1992). In keeping with this, § 636(c) consent must be express; it cannot be implied by the parties' conduct. **W. La. Health Servs.**, 959 F.2d at 1281; **Trufant v. Autocon, Inc.**, 729 F.2d 308, 309 (5th Cir. 1984) ("consent must be explicit, and will not be casually inferred from the conduct of the parties").

### A.

Pre-trial, only Dr. Regan filed written consent. Defendants contend Roell and Garibay, pre-trial, gave consent orally. Whether they did involves a finding of fact, reviewed only for clear error. *E.g.*, **Walker v. City of Mesquite**, 169 F.3d 973, 982 (5th Cir. 1999), *cert. denied*, 528 U.S. 1131 (2000).

4

To show Roell and Garibay's consent, Defendants point to an April 1999 teleconference, with appearances by Withrow and Defendants' counsel, at which the magistrate judge stated to the latter: "Also, if you talk to Mr. Knutson [defendant who settled pre-trial with Withrow], ... would you tell him ... that he needs to let us know whether he's going to consent to my jurisdiction as well, because all defendants need to consent...." Defendants' counsel responded: "Good point, yes, Your Honor". According to Defendants, the import of this colloquy is that the magistrate judge "thereby stated ... she thought Roell, Garibay, and Dr. Reagan had all consented" and Defendants' counsel confirmed that assumption.

As further evidence of Roell and Garibay's claimed pre-trial consent, Defendants cite another magistrate judge teleconference (July 1999). Withrow and Defendants' counsel appeared, together with Knutson's counsel. The magistrate judge stated to the latter: "[Y]our client [Knutson] has the right to not consent ... and I don't know what your position is on that.... [A]ll of the other parties have consented...." According to Defendants, these other-parties-had-consented comments were correct.

Finally, Defendants cite to the magistrate judge's statement to the jury: "In ... any civil case in which [the] parties consent to my jurisdiction, I do have civil jurisdiction to hear civil jury trials...."

5

Obviously, through none of these relied upon statements did Roell and Garibay consent. At best, they represent only the magistrate judge's *assumption* that they had. On remand, the magistrate judge found she had been mistaken in her assumption that Roell and Garibay *had executed consent forms*. **Withrow v. Roell**, No. C-97-256, at 2 & n.2 (S.D. Tex. 8 Jan. 2001) (unpublished). Accordingly, the basis of her assumption had been that written, not oral, consent had been given.

In short, there is no evidence in the record of pre-trial consent by all parties. The corresponding finding is not clearly erroneous.

## B.

Accordingly, we must determine whether, as the district court held, the *post-judgment* consent was *not* effective. We review this jurisdictional question *de novo*. *E.g.*, **United States v. Bustos-Useche**, 273 F.3d 622, 626-27 (5th Cir. 2001).

## 1.

Notwithstanding the plain language of § 636(c), discussed *infra*, Defendants note the Seventh and Eleventh Circuits have repeatedly held post-judgment consent effective. *See* **Rembert v. Apfel**, 213 F.3d 1331, 1335 n.1 (11th Cir. 2000) ("Parties can consent even after judgment."); **Drake v. Minn. Mineral & Mfg. Co.**, 134 F.3d 878, 883 (7th Cir. 1998) (consent post-appellate oral argument sufficient); **Gen. Trading, Inc. v. Yale Materials Handling**

6

*Corp.*, 119 F.3d 1485, 1496-97 (11th Cir. 1997) (post-judgment consent effected by parties' withdrawing their new-trial motion and thereby accepting magistrate judge's judgment; such consent effective), *cert. denied*, 523 U.S. 1055 (1998); *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320-21 (7th Cir. 1995) (post-judgment consent unequivocal representation magistrate judge acting with parties' consent); *King v. Ionization Int'l, Inc.*, 825 F.2d 1180, 1185 (7th Cir. 1987) (post-judgment consent sufficient where parties executed consent several weeks after entry of order appealed).

The Ninth Circuit, however, has held otherwise. *See Hajek v. Burlington N. R.R. Co.*, 186 F.3d 1105, 1108 (9th Cir. 1999) (consent not effective where made in appellate brief). The district court cited *Hajek* in holding the post-judgment consent did not "cure the jurisdictional defect". *Withrow v. Roell*, No. C-97-256 (S.D. Tex. 1 Mar. 2001) (unpublished).

Our court's primary precedent is found in *Archie v. Christian*, 808 F.2d 1132 (5th Cir. 1987) (en banc), where a prisoner's civil rights action had been referred to a magistrate judge. Although trial was held without objection by plaintiff, *id*. at 1133-34, defendants did object. They ceased doing so, however, upon the jury's returning a favorable verdict. *Id*. at 1134.

By report and recommendation, the magistrate judge in *Archie* recommended that defendants' objection be overruled because the

7

referral was proper under *28 U.S.C. § 636(b)*. Unlike § 636(c), which, as noted, allows a magistrate judge, upon a district judge's referral and the parties' consent, to enter final judgment in a civil action, § 636(b) only authorizes a magistrate judge, upon referral, to hear and determine certain pre-trial matters and to conduct an evidentiary hearing and then submit a recommendation to the district judge for disposition of an action. Accordingly, the magistrate judge recommended that the district court adopt the jury's findings. *Id*. The district court did so and entered final judgment. *Id*.

At issue before our en banc court was whether a trial before a magistrate judge without all parties' consent, followed by a district judge's entry of judgment, was a procedural error, subject to waiver, or was instead a jurisdictional error. Our court held that, although the parties had not consented, this did not deprive the district judge of *jurisdiction to enter the judgment*. *Id*. at 1135. But, our court noted: had the appeal challenged this defective, non-jurisdictional procedure, it would have been reversible error. *Id*. In other words, the failure to challenge it resulted in the issue's not being before the en banc court.

In considering the necessity for consent, our court recognized that § 636(b) does not authorize referral of prisoner litigation to a magistrate judge for a jury trial. *Id.; see Ford v. Estelle*, 740 F.2d 374, 380 (5th Cir. 1984). Accordingly, our court observed

8

that, because § 636(b) was unavailable, § 636(c) was the only means by which the action could be referred. *Id*.

Concerning § 636(c), our court issued the following directive:

> [I]n our circuit, no jury trial of this kind can be conducted by a magistrate [judge] without the consent of all parties, given in writing *and filed before trial commences*.... [I]n the exercise of our *supervisory powers*, we direct that before commencing ... trial in any civil case in which a magistrate [judge] is to preside pursuant to ... § 636(c), ... he shall inquire on the record of each party whether he has filed consent to [his] presiding and shall receive an affirmative answer from each on the record before proceeding further.

*Id*. at 1137 (emphasis added).

At first glance, **Archie's** requiring pre-trial consent appears to control the outcome in the case at hand; here, the consent was post-judgment. This directive, however, is *dictum*. Restated, and as discussed *supra*, our court determined that the error in **Archie** was non-jurisdictional and had been waived; therefore, our court's directive as to when and how consent must be given was not necessary to the holding.

### 2.

Accordingly, whether, pursuant to § 636(c), post-judgment consent is effective is a question of first impression for our circuit. Statutory interpretation begins, of course, "with the plain language of the statute". **Moosa v. INS**, 171 F.3d 994, 1008 (5th Cir. 1999). "When the language [of the statute itself] is

9

plain we must abide by it; we may depart from its meaning only to avoid a result so bizarre that Congress could not have intended it." *Id*. (alteration in original; internal quotation marks omitted).

Our court's directive in **Archie,** that consent be pre-trial, adheres to the plain language of § 636(c)(1). The statute reads, in part: "*Upon* the consent of the parties, a ... United States magistrate [judge] ... *may conduct* any or all proceedings in a nonjury civil matter and order the entry of judgment in the case...." 28 U.S.C. § 636(c)(1) (emphasis added). The use of "upon" and "may conduct" compels the conclusion that the statute requires consent being given *before* a magistrate judge can act pursuant to § 636(c). The timing of the consent equates with a *condition precedent* to the magistrate judge's acting. In other words, only after the parties give consent is a magistrate judge then vested with jurisdiction to act. Post-judgment consent is contrary to the scheme established by this plain language.

Because the statute's language is plain, and its application does not lead to absurd results, we need not look to its legislative history. In any event, that history supports this construction. When Congress amended § 636 in 1979 to allow magistrate judges, upon consent of the parties and referral by a district judge, to handle dispositive matters, "[t]he Bill clearly require[d] the voluntary consent of the parties as a *prerequisite*

to a magistrate[] [judge's] *exercise* of the new jurisdiction". S. REP. NO. 96-74, at 5 (1979), *reprinted in* 1979 U.S.C.C.A.N. 1469, 1473 (emphasis added). Consent being a "prerequisite to ... [the] exercise of ... jurisdiction" compels the conclusion that it must come before, and not after, the magistrate judge conducts the proceedings and enters final judgment.

A common sense reason for this being required, as reflected in *Archie's* directive, is that, if consent is allowed post-judgment, or even post-trial but pre-judgment, a party can withhold consent, hope its lack is not noticed, and, once the verdict is known: (1) if it is favorable, consent; or (2) if it is not favorable, bring the lack of consent to the attention of either the district court or the appellate court, in which case that party will be entitled to a new trial. Obviously, the potential for such abuse must be removed.

Requiring pre-trial consent does so. The Seventh Circuit in *Shawnee Library* recognized these gamesmanship concerns, but, being bound by its circuit precedent, it stated: "Rather than write a treatise on game theory, however, we simply note that *King* [*v. Ionization, Int'l*, 825 F.2d 1180, 1185 (7th Cir. 1987)] controls". 60 F.3d at 321.

A further reason why we must conclude that the Seventh and Eleventh Circuits' decisions on this issue are contrary to the statute is because their reasoning is foreclosed by our earlier-

11

discussed circuit precedent that consent cannot be implied. The above-referenced *King* is the seminal case holding post-judgment consent effective. The earlier-cited Seventh and Eleventh Circuit decisions, with the exception of *Drake*, all rely on *King*. (Without citing authority, *Drake* held post-appellate-oral-argument consent effective, but its rationale that the post-judgment consents "*indicate* that [the parties] consented to trial by magistrate judge" is consistent with the *King* rationale, discussed below. *See Drake*, 134 F.3d at 883 (emphasis added).)

*King* reasoned the belated consent is effective because there, the parties' post-judgment statement that the proceedings before the magistrate judge were with their consent was "an unequivocal representation that the magistrate was acting with the parties' consent". 825 F.2d at 1185. Such reasoning, however, necessarily *infers* from the parties' *post-trial statement* that there was *pre-trial consent*. In other words, because the parties, post-judgment, state the earlier proceedings were with their consent, that must mean the proceedings *occurred* with their consent. Again, this is simply an inference from the parties' post-trial conduct.

But, as stated, our court has held that consent may not be inferred from the parties' actions — in this instance, the post-judgment consent. *See* **W. La. Health Servs.**, 959 F.2d at 1281. Accordingly, because the *King* reasoning is based upon an inference of consent, it is inconsistent with our court's § 636(c) precedent.

12

Our holding that consent must be pre-trial requires, unfortunately, that this matter be re-tried at the expense of the parties and the judicial system. But, even if we were to adopt the Seventh and Eleventh Circuit's approach, this outcome could not be avoided in all cases. For example, had the verdict been favorable to Withrow, we doubt Defendants would have given consent post-judgment. Under that scenario, we still would be required to remand for a new trial.

III.

For these reasons, consent of all the parties must be given *prior to* a § 636(c) trial commencing. Our en banc court in *Archie*, with the opinion authored by the late Judge Thomas Gibbs Gee, noted that § 636 "requires the consent of all parties, incorporating explicit provisions safeguarding the *voluntariness* of that consent; and rules, both federal and local, are in place to *insure that no dragooning takes place*". 808 F.2d at 1136 (emphasis added). Certainly, there can be "no dragooning"; likewise, there can be no post-judgment consent.

In her report and recommendation on remand, the magistrate judge noted our court in *Archie* had "attempted to avoid problems such as the one which occurred here by ordering, in the court's supervisory capacity, that before a trial by a magistrate judge commences, the magistrate shall confirm the consent of all parties on the record". *Withrow v. Roell*, No. C-97-256, at 4 n.3 (S.D.

13

Tex. 8 Jan. 2001) (unpublished). To her credit, the magistrate judge sincerely regretted, and apologized for, not having done so. *Id*. at 4 n.4.

Hoping to prevent such mistakes in the future, we repeat our court's en banc directive in *Archie*:

> [I]n our circuit, no jury trial of this kind can be conducted by a magistrate [judge] without the consent of all parties, *given in writing and filed before trial commences*.... [I]n the exercise of our *supervisory powers*, we direct that before commencing ... trial in any civil case in which a magistrate [judge] is to preside pursuant to ... § 636(c), ... he shall inquire on the record of each party whether he has filed consent to the magistrate [judge's] presiding and shall receive an affirmative answer from each on the record *before proceeding further*.

*Id.* at 1137 (emphasis added).

For the foregoing reasons, the judgment is **VACATED**, and this matter is **REMANDED** for further proceedings, consistent with this opinion, against defendants Joseph C. Roell, Jerry Ballard, Petra Garibay, and Dr. James Reagan.

*VACATED AND REMANDED*

14