# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 16, 2020

Lyle W. Cayce
Clerk

No. 18-11376
Summary Calendar

GERALD BRADLEY,

Plaintiff-Appellant

v.

JUDGE WAYNE SALVANT; MITCH POE; STEVEN G. KING,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CV-727

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Gerald Bradley, Texas prisoner # 1413012, appeals the dismissal of his civil rights complaint, filed pursuant to 42 U.S.C. § 1983, against Judge Wayne Salvant, prosecutor Mitch Poe, and attorney Steven G. King. He raised claims challenging the defendants' actions in the prosecution of his case resulting in his conviction for two counts of aggravated sexual assault of a child under the age of 14. Specifically, he asserted that the defendants allowed the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11376

unconstitutional empaneling of the grand jury, allowed the grand jury to indict with unsupported facts, and denied him the right to confront the grand jury and to challenge the array of grand jurors. He also alleged that state court officials allowed the prosecution without an appropriate record of procedures, the prosecution was malicious and the prosecutors engaged in misconduct, the prosecutor gave false or misleading testimony to the grand jury, the prosecutor refused to provide information relevant to the trial record, and his trial attorney conspired with prosecutors by failing to protect his rights.

The district court sua sponte dismissed the complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court found that the claims against the trial judge and prosecutor were subject to dismissal on grounds of absolute immunity and that the claims against King were subject to dismissal because he was not acting under color of state law.

We review de novo a dismissal for failure to state a claim under § 1915(e)(2). *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998). To the extent Bradley argues that we should consider documents that were not submitted to the district court, we "may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the district court at the time of the challenged ruling." *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). Bradley's argument challenging the withdrawal of reference to the magistrate judge is without merit. Under 28 U.S.C. § 636(c), the district court is provided with the authority "to vacate the reference to the magistrate on its own motion." *Puryear v. Ede's Ltd.*, 731 F.2d 1153, 1154 (5th Cir. 1984).

Bradley's allegations against the trial judge involved challenges to decisions made during the trial process and to rulings on motions. These actions occurred within the criminal proceedings, and Bradley does not allege

No. 18-11376

that the court lacked jurisdiction. The claims were subject to dismissal on grounds of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Likewise, the prosecutor's actions that serve the basis for Bradley's complaint were within the scope of his duty as a prosecutor. Thus, these claims were subject to dismissal on grounds of absolute immunity. *See Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994). Finally, King was not a state actor for § 1983 purposes. *See Polk Cty. v. Dodson*, 454 U.S. 312, 317-18 (1981).

The judgment of the district court is AFFIRMED.